James **WALKER**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 82–1055.

District of Columbia Court of Appeals.

Submitted Sept. 5, 1984.

Decided Sept. 25, 1984.

Melvin A. Marshall, Washington, D.C., was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Judith Hetherton, Susan R. Holmes and Terence J. Keeney, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, BELSON, Associate Judge, and REILLY, Chief Judge, Retired.

PER CURIAM:

Walker challenges the sufficiency of the evidence to sustain his convictions on two counts of robbery of a jewelry store. He also asserts error by the trial court in not observing the time limits established in the federal Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* We affirm.

In an unrelated case, Walker had entered pleas of guilty on December 18, 1981, before Judge Moore of the Superior Court on two matters. Two months later, while awaiting sentencing by Judge Moore, he was arrested for the armed robbery of a jewelry store which occurred on July 13, 1981. Three months after his arrest on the jewelry store robbery (this case), and prior to indictment, he filed a motion to dismiss contending a violation of the federal Speedy Trial Act. The government filed an opposition asserting that the federal Speedy Trial Act was inapplicable to proceedings in the Superior Court of the District of Columbia. After indictment, and before the court ruled on the motion to dismiss, Walker was permitted by the court to enter a plea of nolo contendere to the full indictment in this case, over the government's objection. Walker's counsel advised the court that his client had already been sentenced by Judge Moore under the provisions of 18 U.S.C. § 5010(c) of the Youth Corrections Act and that he was seeking concurrent sentencing in this case. After a proffer from the government of a summary of its evidence and appropriate inquiry of Walker, the trial court accepted the pleas of nolo contendere and sentenced him to concurrent sentences to run with those imposed by Judge Moore.

 A plea of nolo contendere is an admission of guilt for the purposes of that case and removes from the trial court's consideration all issues of fact. *United States v. Norris,* 281 U.S. 619, 622–23, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930); *United States v. Bessemer and Lake Erie R. Co.,* 230 U.S.App.D.C. 316, 320–21, 717 F.2d 593, 597–98 (1983).[1] Such a plea, voluntarily entered, can ordinarily only be reviewed as to the sufficiency of the indictment. *United Brotherhood of Carpenters & Joiners v. United States,* 330 U.S. 395, 412, 67 S.Ct. 775, 784, 91 L.Ed. 973 (1947). By entering a voluntary plea of nolo contendere, Walker foreclosed himself from seeking appellate review of his contentions of evidentiary insufficiency and violation of the federal Speedy Trial Act.[2]

*Affirmed.*

---

1. Walker raises no issue as to the voluntariness of the plea or of the sufficiency of the indictment.

2. If those issues were properly before us, we would find them without merit. The proffer made by the government presented facts, which if credited by the trier of fact, would have been

sufficient to sustain Walker's convictions. We have previously rejected the claim that the federal Speedy Trial Act is applicable in the Superior Court of the District of Columbia. *See United States v. Alston,* 412 A.2d 351, 356 n. 10 (D.C.1980).