COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia

MATTHEW J. CLAUSON, S/K/A
 MATTHEW JAMES CLAUSEN
                                      OPINION BY
v.     Record No. 0758-98-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      MARCH 9, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                   Alan E. Rosenblatt, Judge

          James Amery Thurman (Thurman & Thurman, on
          brief), for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Matthew James Clausen (appellant) entered pleas of guilty to

two counts of robbery, in violation of Code § 18.2-58, and two

counts of use of a firearm in the commission of robbery, in

violation of Code § 18.2-53.1.  Appellant also entered a plea of

nolo contendere to one count of conspiracy to commit robbery, in

violation of Code § 18.2-22.  On appeal, he argues that his plea

of nolo contendere did not constitute a waiver of his right to

appeal the conspiracy charge.[1]  For the following reasons, we

dismiss the appeal.

_____

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     [1]Appellant also argues that the trial court erred in denying
his pretrial motion to dismiss the conspiracy charge because Code

I.

On August 18, 1997, five felony warrants were issued charging appellant with two counts of robbery, two counts of use of a firearm in the commission of robbery and one count of conspiracy to commit robbery.  Appellant waived his right to a preliminary hearing on the charges, and the grand jury returned indictments on each of the five felonies.

The parties entered a stipulation of facts and on November 25, 1997, appellant pled guilty to both robbery counts and one of the firearm charges.  He received ten years on each robbery count.  The court ordered the terms to be served concurrently.  He also received three years on the firearm charge, which was to be served consecutive to the robbery terms.  The remaining two charges, conspiracy to commit robbery and use of a firearm in the commission of robbery, were continued.

On February 10, 1998, appellant moved to dismiss the conspiracy charge, arguing that Code § 18.2-23.1[2] bars conviction when the accused has been convicted of the substantive offense.

_____
§ 18.2-23.1 bars conviction when the accused has been convicted of the substantive offense.  Because of the procedural posture of the case, we do not reach the merits of the second claim.

[2]Code § 18.2-23.1 provides:

> Notwithstanding any other provision of this article or of § 18.2-256, in any case where a defendant has been tried and convicted of an act he has also conspired to commit, such defendant shall be subject to conviction only for the completed substantive offense and not thereafter be convicted for the underlying conspiracy.

By letter opinion dated February 11, 1998, the trial court denied appellant's motion.

On March 2, 1998, pursuant to a plea agreement with the Commonwealth, appellant entered a plea of <u>nolo</u> <u>contendere</u> to the conspiracy charge and a plea of guilty to the remaining firearm charge. The agreement, which included appellant's prior guilty pleas made on November 25, 1997, provided the following:

> 1. That the defendant stands indicted in this Court for the following offenses: Conspiracy to Commit Robbery, Robbery (Two Counts), and Use of Firearm in the Commission of Robbery (Two Counts) in violation of section(s) 18.2-22, 18.2-58, and 18.2-53.1.
>
> 2. That the defendant agrees to plead guilty to the same charges enumerated above (except that the defendant will plead nolo contendre [sic] to the Conspiracy charge), in violation of the same Code sections enumerated above.
>
> 3. That the Attorney for the Commonwealth and the <u>Attorney for the defendant agree</u> that the following sentence is the appropriate disposition in this case: The defendant shall be sentenced to serve ten years in the Virginia Department of Corrections on the Conspiracy and Robbery charges. Those sentences shall run concurrently to each other and consecutively to the sentences imposed on the firearm charges. The defendant shall be sentenced to serve three years on the first Use of a Firearm charge, and to serve five years on the second Use of a Firearm charge. Those sentences shall run consecutively to each other and to the sentences on the Robbery and Conspiracy charges. . . .
>
> 4. That this plea agreement is the total agreement between the parties and there have been no other inducements, threats, promises, or coercion of any kind imposed upon the defendant by the Attorney for the Commonwealth or any agent of the Commonwealth.

(Emphasis added).

The trial court accepted the plea agreement after an extended colloquy with appellant, which included the following:

> Q. Do you fully understand the charges against you?
>
> A. Yes.
>
> Q. Have you discussed the charges and their elements with your lawyer, Mr. Thurman?
>
> A. Yes, I have.
>
> Q. Have you had enough time to discuss with Mr. Thurman any possible defenses you may have to these charges?
>
> A. Yes, sir.
>
> Q. Have you discussed with your lawyer whether you should plead guilty or not guilty?
>
> A. Yes.
>
> Q. After speaking with your lawyer, did you decide for yourself that you should plead guilty and nolo contendere?
>
> A. Yes.
>
> *    *    *    *    *    *    *
>
> Q. Do you understand by pleading guilty that you may waive any right to appeal the decision of this court?
>
> A. Yes.[3]

---

[3]At the March 2, 1998 trial, the parties debated at length the effect of a plea of <u>nolo contendere</u> on appellant's right to appeal, including the following:

> [COUNSEL]: [W]e're pleading no contest on that to preserve our right of appeal. We intend to note our exception to that finding and appeal that to the Virginia Court of Appeals.
>
> [COMMONWEALTH]: [T]he Commonwealth's position on that is that there's no stipulation in the

plea agreement that he's allowed to preserve his right to appeal . . . .

[COUNSEL]:  That's correct, Your Honor.

THE COURT:  Well, then what's the likelihood of an appeal being heard in this matter?

[COUNSEL]:  I'll take my shot.  I don't agree.

[COMMONWEALTH]:  I think he's waived -- I think the effect of a nolo plea is the same as a plea of guilty.

THE COURT:  I think the effect of a nolo plea is a guilty plea.

 *      *      *      *      *      *      *

THE COURT:  We're going through this now so that we can make sure that Mr. Clauson freely, voluntarily and intelligently understands the consequences of his plea.

[COUNSEL]:  Yes, sir.

 *      *      *      *      *      *      *

THE COURT:  I guess what we need to know at this stage is based on what you've done in terms of research on this point does Mr. Clauson have reason to believe that you're going to be successful in the Court of Appeals?  Is he expecting that to happen or what is the situation?

[COUNSEL]:  We've talked about it extensively, and he understands it's mainly a matter of principle that's going up, that it's not really going to affect the ultimate outcome of his sentence . . . because, as I said, [the conspiracy conviction is] concurrent with the robbery charges and the ten years.

 *      *      *      *      *      *      *

THE COURT:  Still, Mr. Clauson, you understand I don't think there's an appealable issue here.  The Commonwealth doesn't. I don't.  Mr. Thurman thinks there may be a possibility, but I don't think there's an appealable issue here.  That doesn't mean there isn't.  The Court of Appeals has the right to find that

- 5 -

Following this colloquy, the trial court convicted appellant of both counts and sentenced appellant in accordance with the agreement.

## II.

Appellant contends that by entering a plea of nolo contendere, he did not waive his right to appeal the trial court's denial of his pretrial motion to dismiss the conspiracy charge. He argues that a plea of nolo contendere should be distinguished from a guilty plea for the purpose of determining a waiver of his right to appeal. This argument presents an issue of first impression for this Court.

Code § 19.2-254 provides that the accused in a criminal proceeding "may plead not guilty, guilty, or nolo contendere" upon arraignment for the offense "on which he will be tried." Code § 19.2-254.[4] A plea of guilty constitutes a "self-supplied

_____

I'm wrong; but based on my reading of the law, I've never seen them do it before. So do you understand that?

THE DEFENDANT: I do.

THE COURT: Do you still want to enter this nolo contendere plea today?

THE DEFENDANT: Yes, I do.

[4]Code § 19.2-254 provides:

Arraignment shall be conducted in open court. It shall consist of reading to the accused the charge on which he will be tried and calling on him to plead thereto. In a felony case, arraignment is not necessary when waived by the accused. In a misdemeanor case, arraignment is not necessary when waived by the accused or his counsel, or when the accused fails to appear.
An accused may plead not guilty, guilty

- 6 -

conviction."  <u>Allen v. Commonwealth</u>, 27 Va. App. 726, 730, 501

S.E.2d 441, 443 (1998).  On the other hand, a plea of <u>nolo</u>

<u>contendere</u> is neither "a confession of guilt" nor a "declaration

of innocence equivalent to a plea of not guilty."  <u>Commonwealth</u>

<u>v. Jackson</u>, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998).  "It

allows an accused, thinking it best . . . not to submit to trial,

but unwilling to confess the truth of the charge, [and] . . .

plead guilty, to throw[ ] himself on the mercy of the court . . .

without confessing or denying . . . guilt."  <u>Jefferson v.</u>

<u>Commonwealth</u>, 27 Va. App. 477, 484-85, 500 S.E.2d 219, 223 (1998)

(internal quotations and citations omitted).  "Nonetheless, by

entering [the] plea . . . , the defendant implies a

confession . . . of the truth of the charge . . . [and] agrees

that the court may consider him guilty for the purpose of

imposing judgment and sentence."  <u>Id.</u> at 485, 500 S.E.2d at 223

(internal quotations and citations omitted).

"Although it is said that a plea of <u>nolo</u> <u>contendere</u> means

literally 'I do not contest it,' and 'is a mere statement of

unwillingness to contest and no more,' it does admit 'every

_____

or nolo contendere.  The court may refuse to
accept a plea of guilty to any lesser offense
included in the charge upon which the accused
is arraigned; but, in misdemeanor and felony
cases the court shall not refuse to accept a
plea of nolo contendere.
   With the approval of the court and the
consent of the Commonwealth, a defendant may
enter a conditional plea of guilty in a felony
case, reserving the right, on appeal from the
judgment, to a review of the adverse
determination of any specified pretrial
motion.  If the defendant prevails on appeal,
he shall be allowed to withdraw his plea.

essential element of the offense [that is] well pleaded in the charge."  Lott v. United States, 367 U.S. 421, 426 (1961) (citations omitted).  "Hence, it is tantamount to 'an admission of guilt for the purposes of the case,' and 'nothing is left but to render judgment, for the obvious reason that in the face of the plea no issue of fact exists, and none can be made while the plea remains of record.'"  Id. (citations omitted).

"When an accused enters a voluntary and intelligent plea of guilty to an offense, he waives all defenses except those jurisdictional."  Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278 (1990) (emphasis added).

> "[A] voluntary and intelligent plea of guilty by an accused is, in reality, a self-supplied conviction authorizing imposition of the punishment fixed by law.  It is a waiver of all defenses other than those jurisdictional, effective as such not only in the lower court but as well in this court.  Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.  To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay."

Id. at 539, 391 S.E.2d at 278 (quoting Peyton v. King, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1971)).

Additionally, "[o]ne who voluntarily and intelligently pleads guilty waives important constitutional rights, including his right to trial by jury, his right against self-incrimination, his right to demand that the Commonwealth prove its case beyond a reasonable doubt, and his right to object to illegally obtained evidence."  Allen, 27 Va. App. at 730-31, 501 S.E.2d at 443.

In the instant case, appellant concedes that when an accused enters a plea of guilty, the accused waives his or her right to appeal non-jurisdictional issues. However, appellant argues that by entering a plea of nolo contendere to the conspiracy charge, he effectively preserved his right to appeal the trial court's decision denying his motion to dismiss. We disagree.

We have on prior occasions held that a plea of nolo contendere carries with it some of the same consequences as a plea of guilty. In Jefferson, we held that the pleas of guilty and nolo contendere are treated "alike in the context of a motion to withdraw" a plea under Code § 19.2-296. Jefferson, 27 Va. App. at 485, 500 S.E.2d at 223. In Allen, we held that "the plea of nolo contendere, or no contest, [was] equivalent to a plea of guilty" for purposes of determining whether the plea was entered voluntarily, intelligently and knowingly. Allen, 27 Va. App. at 729 n.1, 501 S.E.2d at 443 n.1. See also Smith v. Commonwealth, 27 Va. App. 357, 363, 499 S.E.2d 11, 14 (1998) (holding that "a trial court may consider a defendant's lack of remorse at sentencing, even when the defendant has chosen to enter an Alford [or nolo contendere] plea").

While we have not expressly addressed this precise issue, several of our sister states have found no distinction between a plea of guilty and nolo contendere for the purpose of determining a waiver of the right to appeal. For example, in State v. Arnsberg, 553 P.2d 238 (Az. App. 1976), the Court of Appeals of Arizona held that when a defendant enters a plea of no contest, he or she waives all non-jurisdictional defenses preceding the

entry of the plea. See id. at 240. In Arnsberg, the defendant

pled no contest to one count of possession of marijuana for sale.

Prior to entering his plea, the defendant filed a pretrial motion

to suppress the evidence, which was denied by the trial court.

On appeal, the Court of Appeals considered "whether a defendant

may raise issues concerning a denial of his motion to suppress

evidence following a plea of no contest," and concluded that the

trial court's decision could not be challenged because the

defendant had waived his right to appeal by entering a plea of no

contest. Id. at 238. The Court of Appeals reasoned:

> We think that the consequences of a no
> contest plea parallel closely the results
> following a plea of guilty. One of the
> consequences flowing from a plea of guilty is
> the foreclosure by the defendant of an
> argument on appeal that the ruling by the
> trial court on a motion to suppress was
> erroneous. Because the consequence of a plea
> of guilty and no contest are the same, does
> the same principle apply to an attack of the
> trial judge's ruling on a motion to suppress
> following a plea of no contest? We believe
> it does.
>
> *     *     *     *     *     *     *
>
> We hold, therefore, that when a
> defendant enters a plea of no contest he
> waivers, [sic] as is true with respect to a
> guilty plea, all non-jurisdictional defenses
> preceding the entry of the plea, and he may
> not by express stipulation or otherwise,
> reserve for appeal non-jurisdictional defects
> under such a plea.

Id. at 239-40 (citations omitted).

Similarly, in State v. Gilnite, 521 A.2d 547 (Conn. 1987),

the Supreme Court of Connecticut held that "an unconditional nolo

contendere plea, when intelligently and voluntarily made,

operates as a waiver of all non-jurisdictional defects and bars

later challenges to pretrial proceedings." Id. at 550. In Gilnite, the defendant was convicted on a plea of nolo contendere of being a "persistent larceny offender." Id. at 548. On appeal to the appellate court, she argued that the trial court erred in denying her motion to dismiss the charge. The appellate court raised sua sponte the issue of waiver and held that by pleading nolo contendere the defendant waived her right to appeal the trial court's determination. See id. On appeal from the appellate court, the Supreme Court of Connecticut affirmed and held that "[a] plea of nolo contendere has virtually the same legal effect as a guilty plea; the only practical difference is that a nolo contendere plea may not be used as an admission in a subsequent criminal or civil case. It is clear, however, that a nolo contendere plea also constitutes a waiver of all non-jurisdictional defects in the same manner as a guilty plea." Id. at 550 n.4.

Finally, in Walker v. United States, 481 A.2d 1308 (D.C. App. 1984) (per curiam), the District of Columbia Court of Appeals held that the defendant's voluntary plea of nolo contendere foreclosed the possibility of seeking appellate review of his convictions. In that case, the defendant challenged the sufficiency of evidence used to convict him of two counts of robbery. He also argued that the trial court erred in failing to observe the time limitations of the speedy trial statute. See id. at 1309. The Court of Appeals noted that "[a] plea of nolo contendere is an admission of guilt for the purposes of that case and removes from the trial court's consideration all issues of

- 11 -

fact."  Id.  Accordingly, the Court of Appeals held that "[b]y entering a voluntary plea of nolo contendere, [the defendant] foreclosed himself from seeking appellate review of his contentions of evidentiary insufficiency and violation of the Federal Speedy Trial Act."  Id.; see also State v. Hodge, 882 P.2d 1, 5 (N.M. 1994) ("[A] plea of . . . nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal."); Commonwealth v. Jannetta, 605 A.2d 386, 388 (Pa. Super. 1992) ("For purposes of appellate review, this Court treats a plea of nolo contendere the same as a guilty plea.").

Other states have simply adopted the general rule that a defendant may not appeal "non-jurisdictional" issues following a plea of nolo contendere.  See, e.g., People v. Arwood, 211 Cal. Rptr. 307, 309-10 (Ca. App. 1985) ("The merits of the issue of guilt or innocence are not reviewable on appeal of a judgment entered on [a plea of nolo contendere].  The only issues cognizable on appeal following entry of . . . a nolo contendere plea are those based upon constitutional, jurisdictional, or other grounds going to the legality of the proceedings. . . ."); Hughes v. State, 565 So.2d 354, 355 (Fla. Dist. Ct. App. 1990) (per curiam) (dismissing appeal from plea of nolo contendere because the defendant failed "to present a justiciable issue"); Lill v. State, 602 P.2d 129, 130-31 (Kan. App. 1979) ("A conviction based on a plea of nolo contendere may be collaterally

attacked only on 'jurisdictional or other grounds going to the legality of the proceedings . . . .'"); <u>Stevens v. State</u>, 938 S.W.2d 517, 520 (Tx. App. 1997) (holding that a challenge to the sufficiency of the evidence was a "non-jurisdictional" issue that could not be appealed because the defendant entered a plea of <u>nolo contendere</u>); <u>State v. Smith</u>, 833 P.2d 371, 372 (Utah App. 1992) ("A voluntary plea of guilty or no contest constitutes a waiver of the right to appeal all non-jurisdictional issues, including denial of a motion to suppress."); <u>Davila v. State</u>, 831 P.2d 204, 205 (Wyo. 1992) ("A plea of nolo contendere has the same effect in criminal cases as a guilty plea.  As a guilty plea waives all non-jurisdictional defenses, so does a plea of nolo contendere."); <u>see</u> <u>also</u> Wayne R. LaFave & Jerold H. Israel, <u>Criminal Procedure</u> § 10.2(d), at 787 (1984) ("A plea of guilty 'is an admission of guilt and a waiver of all non-jurisdictional defects.'  It 'represents a break in the chain of events which has preceded it in the criminal process,' and thus once a valid plea is received defendant may not appeal on the ground that his earlier suppression motion was erroneously denied.  The same is true for a valid nolo contendere plea.").[5]

---

[5]In a minority of states where courts have allowed an appeal of non-jurisdictional issues following a plea of <u>nolo contendere</u>, a state statute or court rule specifically grants such a right of appeal.  <u>See</u>, <u>e.g.</u>, <u>State v. Piorkowski</u>, 672 A.2d 921, 930 (Conn. 1991) ("A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of non-jurisdictional defects in the criminal prosecution.").

In Virginia, "[w]hen an accused enters a voluntary and intelligent plea of guilty to an offense, he waives all defenses except those jurisdictional." Savino, 239 Va. at 538, 391 S.E.2d at 278. We hold the same is true when an accused enters a plea of nolo contendere. In the instant case, by entering a plea of nolo contendere to the conspiracy charge, appellant foreclosed the opportunity to appeal the trial court's denial of his pretrial motion to dismiss. Accordingly, we dismiss his appeal.[6]

Dismissed.

---

[6]Additionally, appellant cannot complain of error when he has specifically entered into a plea agreement with the Commonwealth and asked the trial court to enter judgment on that agreement. When appellant requested the trial court to accept the plea agreement with its favorable sentencing provisions, he "invited" the trial court to act in the manner he claims was erroneous. See Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) ("The defendant, having agreed upon the action taken by the trial court, should not be allowed to assume an inconsistent position. No litigant, even a defendant in a criminal case, will be permitted to approbate and reprobate--to invite error . . . and then to take advantage of the situation created by his own wrong.").