COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Kelsey and Powell
Argued by teleconference


CEDRIC LEONARD COSBY

MEMORANDUM OPINION* BY
v.        Record No. 0551-10-2                    JUDGE CLEO E. POWELL
JULY 19, 2011

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Pamela S. Baskervill, Judge

T.L. Marsh for appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Cedric Leonard Cosby ("Cosby") appeals the trial court's decision to revoke two years of

his suspended sentence. Cosby argues that he was not provided prior written notice that the trial

court would be considering a new law violation at the revocation proceeding. Finding that Cosby

failed to preserve the matter for appeal, we affirm the decision of the trial court.

BACKGROUND

On August 23, 2005, Cosby was convicted on one count of construction fraud. He was

sentenced to 10 years incarceration with 9 years suspended. As part of his probation, Cosby was

ordered to pay restitution in the amount of $6,500. On February 8, 2008, Cosby was found to

have violated the terms of his probation and nine months of his suspended sentence was revoked.

Cosby was released from jail in September of 2008.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On November 19, 2008, the Commonwealth requested the trial court issue an order to show cause, alleging that Cosby had not paid any restitution since his release in September of 2008. A hearing on the matter was held on June 10, 2009. At the hearing, the Commonwealth made an oral motion to amend the order to show cause to include an allegation that Cosby had "failed to keep the peace and be of good behavior . . . based on [Cosby's] criminal record" and offered a copy of Cosby's criminal record into evidence. Counsel for Cosby stated that he was "prepared to go forward on the failure to pay," but he was not aware of any new law violations. The Commonwealth explained that it had just noticed the new violation, and stated that Cosby was "entitled to a continuance if he wants it." Counsel for Cosby requested and was shown a copy of Cosby's criminal record that was subsequently introduced into evidence. After speaking with his client, counsel for Cosby stated, "We are going to take the continuance on this. There are some issues we have to sort out."

On September 8, 2009, a second hearing was held. During the second hearing, the only evidence presented involved Cosby's failure to pay restitution; no mention was made by the Commonwealth of Cosby's new law violation. After hearing the evidence, the trial court took the matter under advisement and again continued the case.

On January 13, 2010, a third hearing on this matter was held. At the beginning of the hearing, the Commonwealth again raised the issue of the new law violation. Counsel for Cosby stated that he did not have an amended show cause and believed that the only matter before the trial court was Cosby's failure to pay restitution. The Commonwealth reiterated that it had amended the show cause order in open court during the June 10, 2009 hearing. In response, counsel for Cosby stated, "Judge, I just don't have any notation of that. Is there a notation in the file, in the record?" The trial court noted that there was no amendment in the file, but indicated that there was evidence supporting the Commonwealth's position. After considering the matter,

the trial court stated "I believe there's adequate notice to go forward. I will allow the Commonwealth to proceed on the two grounds, one on restitution, and one good behavior, keeping the peace, and I'll note your objection."

The Commonwealth then offered an updated copy of Cosby's criminal record into evidence. The updated criminal record showed that Cosby had been convicted of petit larceny in April of 2009. With regard to the petit larceny conviction, counsel for Cosby conceded that "we would have to plead no contest to the second element of the conviction for last April. That clearly, there is nothing we can do about that."

After hearing the evidence, the trial court found that Cosby had violated the terms of his probation, stating "[y]ou have a new law violation and you have failed to pay restitution." As a result, the trial court revoked two years of Cosby's suspended sentence.

Cosby appeals.

ANALYSIS

Cosby argues that the trial court abused its discretion when it considered the new law violation because he was not provided any prior written notice pursuant to Code § 19.2-306 that the order to show cause was being amended. Cosby further contends that, because the Commonwealth did not mention the new law violation at the September hearing, he reasonably believed the Commonwealth had abandoned the matter. However, Cosby's failure to specifically and timely raise either of these arguments before the trial court bars our consideration on appeal. See Rule 5A:18.

> As a precondition to appellate review, Rule 5A:18 requires a
> contemporaneous objection in the trial court to preserve the issue
> on appeal. Not just any objection will do. It must be both *specific*
> and *timely* -- so that the trial judge would know the particular point
> being made in time to do something about it.

- 3 -

Thomas v. Commonwealth, 44 Va. App. 741, 750, 607 S.E.2d 738, 742, adopted upon reh'g en

banc, 45 Va. App. 811, 613 S.E.2d 870 (2005) (emphasis in original); see also Correll v.

Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004) ("The same argument must

have been raised, with specificity, at trial before it can be considered on appeal.").

In the present case, it is questionable whether Cosby ever raised an objection. Assuming

without deciding that he did raise an objection, Cosby never articulated the specific basis for his

objection. Indeed, at oral argument Cosby conceded that the trial court could not have known

the specific basis of his objection, as he never specified to the trial court whether his objection

was based on a violation of his due process rights (constitutional violation) or a violation of Code

§ 19.2-306 (statutory violation). Clearly, his argument on appeal is that Code § 19.2-306 entitled

him to written notice. In light of his failure to raise the same specific argument before the trial

court that he now raises before this Court, it cannot be said that the "objection was stated

together with the grounds therefor at the time of the ruling," as required under Rule 5A:18.[1]

Accordingly, Rule 5A:18 bars our consideration of this matter on appeal.[2]

Affirmed.

---

[1] Effective July 1, 2010, Rule 5A:18 was revised to state that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ." Because the proceedings below were completed prior to this revision taking effect, we will rely on the language of Rule 5A:18 that was then in effect. See Fails v. Va. State Bar, 265 Va. 3, 5 n.1, 574 S.E.2d 530, 531 n.1 (2003) (applying the Rule of Court in effect at the time of the proceedings below).

[2] It is also worth noting that Cosby's plea of no contest with regard to the new law violation "'waives all defenses except those jurisdictional.'" Clauson v. Commonwealth, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999) (quoting Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278 (1990)). Thus, even if Cosby had sufficiently preserved the matter, by pleading no contest, he "foreclosed the opportunity to appeal" the trial court's consideration of the new law violations. Id.