COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Kelsey and Alston
Argued at Alexandria, Virginia


BART D. SMITH, SR.

                                                              OPINION BY
v.        Record No. 0186-11-2                     JUDGE ROBERT J. HUMPHREYS
                                                              MARCH 6, 2012

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Gordon F. Willis, Judge[1]

Shelly R. James for appellant.

Gregory W. Franklin, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


        Bart D. Smith, Sr. ("Smith") appeals the order entered after a bench trial in the Circuit

Court of King George County ("circuit court") finding that Smith violated the conditions of his

suspended sentence and revoking the suspension of the twelve-month sentence and

re-suspending six months of the sentence.  On appeal, Smith contends that the circuit court

abused its discretion when it sentenced him for violating the conditions of his suspended

sentence after the term of his probation had been exhausted, and in sentencing Smith to a term of

twelve months imprisonment with six months suspended for violating the conditions of his

probation in violation of Code § 19.2-306.  For the following reasons, we affirm the circuit

court's order.

_____

[1] While Judge Willis presided over the hearing in this case, as noted *infra*, Judge
Designate Horace Revercomb signed the statement of facts.

I. Background

This Court reviews the evidence in the light most favorable to the prevailing party in the circuit court. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). We must "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980). Further, we must consider all the evidence admitted at trial that is contained in the record. Rushing v. Commonwealth, 58 Va. App. 594, 598, 712 S.E.2d 41, 43 (2011). In this light, the evidence is as follows.

On December 13, 2007, Smith was convicted of petit larceny in the circuit court and sentenced to a jail term of twelve months with twelve months suspended, conditioned upon good behavior and observance of all laws for two years. On November 15, 2010, the Commonwealth requested that the circuit court issue an order requiring Smith to appear and show cause why his suspended sentence should not be revoked, based on his having new convictions. The Commonwealth did not specify what new convictions were the basis of its request. On November 19, 2010, the circuit court issued an order for Smith to show cause. Smith appeared before the circuit court on January 13, 2011, on the charge of violation of the terms of his probation. He pled no contest to being in violation of the terms of his suspended sentence. The circuit court found Smith guilty and issued an order on February 4, 2011 ("order"), revoking twelve months of his suspended sentence and re-suspending six months. The order does not mention which convictions the circuit court found as the basis for the probation violation.

In lieu of a transcript, Smith prepared a written statement of facts that erroneously states that Smith entered a plea of not guilty. The circuit court's order and the appeal election form, which was signed by Smith and his counsel, clearly state that Smith pleaded no contest. The

statement of facts was signed by Judge Horace Revercomb, Judge Designate, on March 23, 2011, and bears no signature of approval of Judge Gordon F. Willis, who actually heard the case, or that of the attorney for the Commonwealth. The statement of facts recites that the "Commonwealth offered as evidence three (3) certified copies of new convictions: two (2) counts of construction fraud in violation of Virginia Code Section 18.2-200.1 and one (1) count of operation without a business license in violation of Virginia Code Section 54.1-111." The record contains the certified orders of the three above mentioned convictions from the Chesterfield County General District Court ("Chesterfield convictions"). There are no exhibit labels on these certified orders. Smith was convicted on all three charges on August 24, 2010, and the earliest date of offense for these convictions was January 12, 2010.

Although not mentioned in the statement of facts, the record and appendix, as designated by Smith, also contain a letter dated November 8, 2010, from the Henrico County Commonwealth's attorney to the King George County Commonwealth's Attorney, notifying him that Smith was convicted in October 2010 for petit larceny and that the conviction may be a violation of Smith's suspended sentence imposed on December 13, 2007 in King George County Circuit Court. This letter bears a label, "Commonwealth's Exhibit 1," with Judge Willis' initials. A certified copy of the Henrico County conviction accompanied and was apparently admitted along with the letter. The conviction and sentencing order of the Henrico County Circuit Court, entered on November 3, 2010, ("Henrico County convictions") showed that Smith pleaded guilty to two counts of petit larceny, with a date of offense of July 1, 2009 for both counts, which pre-dated the expiration of Smith's suspended sentence on December 13, 2009.

## II. Analysis

### A. Authority of the Circuit Court

Smith claims that the circuit court relied on the Chesterfield convictions in support of his argument that the circuit court acted without authority when it imposed six months of his suspended sentence for an offense that occurred after the period of suspension expired. As proof that the circuit court relied on the Chesterfield convictions, Smith points to the statement of facts, which references that the Commonwealth introduced the Chesterfield convictions but does not mention the Henrico County convictions. The statement of facts is clearly inconsistent with the balance of the record for several reasons. In the record on appeal, the Henrico County convictions bear an exhibit number and the presiding judge's initials, which affirmatively indicate that they were admitted as exhibits; these convictions support the finding of the circuit court that Smith violated the terms of his probation during the period of his suspended sentence. Conversely, the Chesterfield conviction orders referred to in the statement of facts bear no exhibit number, stamp, judge's signature or any other indication that they were actually admitted as exhibits at Smith's revocation hearing.

Most significantly however, the statement of facts states that Smith entered a plea of not guilty, while the circuit court's order and the appeal election form, signed by Smith and his counsel, clearly state that Smith pleaded no contest. If Smith pleaded no contest, he waived all issues for appeal except a lack of subject matter jurisdiction due to his failure to properly preserve the issues pursuant to Rule 5A:18, see Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 756 (1990), and we would not reach the merits of his abuse of discretion arguments due to his waiver. To determine whether this waiver of the issues occurred by way of a no contest plea, we must first decide whether or not the statement of facts certified by a trial judge controls in our standard of review when it conflicts with the balance of the record on appeal.

1. Statement of Facts

Rule 5A:8(c) provides that

> A written statement of facts, testimony, and other incidents of the
> case becomes a part of the record when:
>
> (1) within 55 days after entry of judgment a copy of such statement is
> filed in the office of the clerk of the trial court. A copy must be
> mailed or delivered to opposing counsel on the same day that it is
> filed in the office of the clerk of the trial court, accompanied by notice
> that such statement will be presented to the trial judge no earlier than
> 15 days nor later than 20 days after such filing; and
>
> (2) the statement is signed by the trial judge and filed in the office
> of the clerk of the trial court. *The judge may sign the statement
> forthwith upon its presentation to him if it is signed by counsel for
> all parties*, but if objection is made to the accuracy or
> completeness of the statement, it shall be signed in accordance
> with paragraph (d) of this Rule. . . .

(Emphasis added). Paragraph (d) of Rule 5A:8 provides the procedure if a party objects to the

completeness of the statement.

In Proctor v. Town of Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993) (*en

banc*), we interpreted Rule 5A:8 and stated that

> a written statement becomes a part of the record when (1) it is filed
> in the office of the clerk of the trial court within fifty-five days
> after entry of judgment, (2) a copy of the statement is mailed or
> delivered to opposing counsel along with a notice that the
> statement will be presented to the trial judge between fifteen and
> twenty days after filing, and (3) the trial judge signs the statement
> and the signed statement is filed in the office of the clerk.

Id. at 610, 425 S.E.2d at 819. In Proctor we held that once the appellant has complied with the

first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the

requirements of the rule; thereafter, the trial judge is required to act. Id. at 610-11, 425 S.E.2d at

820.

Under Proctor, Smith established *prima facie* compliance with the requirements of Rule

5A:8(c). He filed the statement of facts in the office of the clerk of the circuit court thirty-two

days after entry of the circuit court's order. Smith's counsel certified that a copy of the statement of facts and accompanying notice was sent to the Commonwealth on the same date as the filing, and the statement of facts was evidently presented to Judge Revercomb fifteen days after the filing.

We went on to say in Proctor that after an appellant establishes *prima facie* compliance with Rule 5:A:8(c),

> the trial judge must sign the statement, correct the statement and sign the corrected statement, or, in cases where the judge cannot in good faith recall or accurately reconstruct the relevant proceedings, order a new trial. This Court will not dismiss an appeal where an appellant has established *prima facie* compliance with Rule 5A:8(c)(1). Rather in such situations, we will remand the case to the trial judge for appropriate action as required by Rule 5A:8(c)(2) or (d).

Id. at 611, 425 S.E.2d at 820.

Unlike in Proctor, in this case a judge did sign the statement of facts. Therefore, the three elements of Rule 5A:8(c) as laid out in Proctor are complied with and the written statement is properly part of the record. However, after viewing the evidence in the record, it appears that the judge who signed the statement of facts in this case had no personal knowledge of the relevant proceedings and was therefore in no position to note, much less resolve any discrepancies between the written statement of facts prepared by Smith's counsel and what actually transpired at the revocation hearing. In such a case, as in Proctor, where a transcript or statement of facts is necessary to resolve any issues on appeal and it is unclear what actually transpired in the relevant proceedings below, remand for clarification or a new hearing would ordinarily be appropriate. Id.

"The requirement that the trial judge sign the statement of facts is designed to ensure an accurate and complete statement of the facts and procedural history of the proceeding in the circuit court."[2]  Id. at 610, 425 S.E.2d at 819.  In Proctor this Court pointed out that Rule 5A:8(c)

> states that the trial judge "may" sign the statement upon presentation if all parties are in agreement as to its accuracy. Implicit in the use of the permissive "may" is the recognition that the judge is not required to sign a statement that he or she believes is not accurate.  In such situations, the judge may modify the statement and sign the modified statement, or, if the judge is unable accurately to recall the pertinent proceedings, order a new trial.

Id. at 611 n.2, 425 S.E.2d at 820 n.2.  In fact, we repeat three times in Proctor that the trial judge should order a new trial if he is unable to accurately recall or reconstruct the relevant proceedings when presented with a statement of facts for his signature.  Id. at 611, 425 S.E.2d at 820.

Common sense suggests that it would be difficult for a judge who did not preside over a trial to ensure that the statement of facts accurately reflects the evidence and procedural history of the proceeding.  The fact that the statement of facts signed by Judge Revercomb incorrectly states that Smith entered a not guilty plea when the record clearly shows that he actually entered a no contest plea exemplifies the need for the judge who actually presided over the trial or hearing to sign and thus certify the statement of facts reflecting what actually occurred.  The fact that the statement of facts, drafted by counsel for Smith and not signed by the attorney for the Commonwealth, mentions only convictions which do not support Judge Willis' decision to revoke his probation and fails to mention convictions which do support his decision and which

---

[2] In Proctor, this Court was making the point that the requirement of the judge's signature "does not provide a means by which the trial judge, through design, inattention or inadvertence, may thwart an appeal by neglecting or refusing to sign the statement of facts."  Proctor, 15 Va. App. at 610, 425 S.E.2d at 819-20.  However, the explanation for the requirement of the judge's signature is applicable to this case.

bear the label "Exhibit 1" with Judge Willis' initials, causes us to regard the statement of facts with caution to say the least.[3] Further, the fact that Smith designated Exhibit 1, the Henrico County convictions, in the appendix for this appeal suggests that he understood that the Commonwealth offered this exhibit in evidence, as required by Rule 5A:7(a)(3).[4]

Clearly, the evidence in the record other than the statement of facts indicates that Judge Revercomb signed a materially incorrect statement of facts. Nonetheless, as stated *supra*, the statement of facts, if signed by a trial judge, is part of the record. Therefore, we must address what weight we are required to give the statement of facts when it conflicts with the balance of the record.

A transcript of the evidence and incidents of trial, certified by the trial judge, is presumed to be correct and, *in the absence of proof to the contrary*, is binding upon an appellate court. New Bay Shore Corp. v. Lewis, 193 Va. 400, 404, 69 S.E.2d 320, 322 (1952) (emphasis added). Because transcripts and statements of facts serve identical purposes on appeal, "[f]airness and common sense dictate that policies regarding transcripts and statements of facts be reasonably analogous." Anderson v. Commonwealth, 13 Va. App. 506, 508, 413 S.E.2d 75, 77 (1992). However, in New Bay Shore, our Supreme Court held that the "burden of showing that the

---

[3] Smith's trial counsel, Assistant Public Defender V. Cameille Cromer, prepared the statement of facts in this case, and we note that she had a professional duty of candor to both Judge Revercomb and to this Court under Rule 3.3 of the Rules of Professional Conduct. We leave a determination of whether or not this Rule was violated in the capable hands of the Virginia State Bar.

[4] Rule 5A:7(a)(3) states:

> *Contents.* The following constitute the record on appeal from the circuit court:
>
>       *     \*     \*     \*     \*     \*     \**
>
> each exhibit offered in evidence, whether admitted or not, and initialed by the trial judge . . . .

evidence, as certified by the trial judge, is incorrect or incomplete, is upon the complaining party." New Bay Shore, 193 Va. at 406, 69 S.E.2d at 324. While in Smith's case the Commonwealth has not undertaken to argue that the statement of facts is incomplete, we do not read New Bay Shore to hold that the presumption that a statement of facts is correct is conclusive and irrebuttable. We thus hold today that the presumption that a statement of facts is binding upon this Court as an accurate recitation of the incidents at trial is a rebuttable presumption. Where the evidence in the balance of the record indicates that the statement of facts does not accurately reflect the evidence and incidents of trial we are not bound by the statement of facts to the exclusion of the other evidence in the record. [5] Where a conflict cannot be reconciled, the appropriate remedy would be to remand for correction in compliance with Rule 5A:8(c)(2) as interpreted in Proctor or, if necessary, a new hearing or trial. Proctor, 15 Va. App. at 612, 425 S.E.2d at 820. In this particular case, we conclude we need not remand this case to resolve the issue on appeal.

We can resolve Smith's appeal based upon his concession at oral argument that "the entire record is clear that he pled no contest." With this concession, the other inconsistences between the statement of facts and the balance of the record become moot.

### 2. No Contest Plea

When an accused enters a plea of *nolo contendere*, "he waives all defenses except those jurisdictional." Clauson v. Commonwealth, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999). A no contest plea does not waive an accused's right to object to the absence of subject matter jurisdiction, but it "'implies a confession . . . of the truth of the charge . . . [and] agrees that the

---

[5] While the Commonwealth could and should have objected to any deficiencies or inaccuracies in the statement of facts, the prosecutor's failure to approve the statement of facts nevertheless contributes to this Court's conclusion that the statement of facts is not entitled to greater weight than the balance of the record.

court may consider him guilty for the purpose of imposing judgment and sentence.'" Jones v. Commonwealth, 42 Va. App. 142, 147, 590 S.E.2d 572, 575 (2004) (quoting Commonwealth v. Jackson, 255 Va. 552, 555, 499 S.E.2d 276, 278 (1998)).  A plea of *nolo contendere* admits, for the purposes of the case, all facts supporting the accusation.  Id.  Therefore, Smith, having entered a no contest plea, cannot contest the sufficiency of the evidence in this case.

### 3.  Jurisdictional Error

Smith argues that the circuit court's error was jurisdictional, alleging the circuit court lacked authority to impose six months of his suspended time.  While an accused cannot waive the defense that a court lacked subject matter jurisdiction, other jurisdictional issues are waived by entering a no contest plea because they are not preserved as required under Rule 5A:18.  See Morrison, 239 Va. at 170, 387 S.E.2d at 756 (noting the significant difference between subject matter jurisdiction and other "'jurisdictional'" elements and that "subject matter jurisdiction alone cannot be waived."  The lack of subject matter jurisdiction can be raised for the first time on appeal, but "defects in other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the circuit court and properly preserved on appeal.");  Kelso v. Commonwealth, 57 Va. App. 30, 35, 698 S.E.2d 263, 265 (2010) (noting that while a lack of subject matter jurisdiction is not waivable under Rule 5A:18, issues of territorial jurisdiction are waived if not timely raised).

In Mohamed v. Commonwealth, 56 Va. App. 95, 691 S.E.2d 513 (2010), we noted that a circuit court's authority to exercise jurisdiction is a type of jurisdiction distinct from subject matter jurisdiction.  Id. at 101, 691 S.E.2d at 516.  "[U]nlike a lack of subject matter jurisdiction, which can be raised at any time in a proceeding or for the first time on appeal, a circuit court's alleged lack of authority to exercise its jurisdiction must be raised before the circuit court and preserved like any other legal argument."  Id.  Other than a lack of subject matter jurisdiction,

jurisdictional defects are generally "considered waived unless raised in the pleadings filed with the circuit court and properly preserved on appeal." Id. at 102, 691 S.E.2d at 516 (quoting Porter v. Commonwealth, 276 Va. 203, 228-29, 661 S.E.2d 415, 427 (2008)). Thus, because Smith waived the issue of the circuit court's lack of authority for appeal by entering a no contest plea and therefore not properly preserving the issue for appeal pursuant to Rule 5A:18, we will not review the circuit court's action. We affirm on that basis.

### 4. Ends of Justice

Smith also asks that we apply the ends of justice exceptions to Smith's failure to preserve this issue for appeal in accordance with Rule 5A:18. We decline to do so. Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18. Kelso, 57 Va. App. at 39 n.5, 698 S.E.2d at 267 n.5. See also Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage *might* have occurred."). Smith's no contest plea also waives any argument that there is unpreserved error. Moreover, as stated *supra*, we are not bound by the statement of facts to the exclusion of other evidence in the record not mentioned in the statement of facts. The exhibits in the record establish that Smith violated the terms of his probation prior to the expiration of his suspended sentence. Thus, no miscarriage of justice occurred in Smith's case.

### B. Abuse of Discretion in Sentencing

Smith's second assignment of error, that the circuit court abused its discretion in imposing six months of his suspended sentence, is likewise waived by Smith's no contest plea because it is a punishment authorized by law.

Where a conviction is rendered upon a voluntary and intelligent guilty plea and a punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is

nothing to appeal.  <u>Peyton v. King</u>, 210 Va. 194, 196-97, 169 S.E.2d 569, 571 (1969).  As with a plea of guilty, when an accused enters a voluntary and intelligent no contest plea he waives all defenses except those jurisdictional.  <u>Clauson</u>, 29 Va. App. at 294, 511 S.E.2d at 455.

The original conviction in Smith's case was for petit larceny, a crime punishable as a Class 1 misdemeanor.  Code § 18.2-96.  The authorized punishment for Class 1 misdemeanors is "confinement in jail for not more that twelve months and a fine of not more than $2,500, either or both."  Code § 18.2-11.  The sentence imposed on Smith at the revocation hearing was six months of the original twelve-month suspended sentence.  As the sentence imposed by the circuit court is within the statutory range for the crime committed, and is thus a "punishment fixed by the law," we find no error in the circuit court's decision.

<u>Affirmed.</u>