COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Friedman and Callins
Argued at Salem, Virginia

MATTHEW BLAKE KNIGHTON

MEMORANDUM OPINION* BY
v.       Record No. 0852-21-3          JUDGE WESLEY G. RUSSELL, JR.
                                        MAY 3, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF BATH COUNTY
Edward K. Stein, Judge

James V. Doss, III, for appellant.

Craig W. Stallard, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

In a bench trial, Matthew Knighton pled no contest to charges of reckless driving and failure

to appear. The trial court accepted the pleas, convicted Knighton of the offenses, and, after hearing

evidence related to sentencing, sentenced Knighton to a total of twelve months and ten days in jail,

with nine months suspended. The trial court also suspended Knighton's driving privileges for a

period of six months and fined him $500. On appeal, Knighton contends that the trial court erred by

"convicting [him] of failure to appear and then abused its discretion in sentencing [him] to an

active jail sentence of 90 days, suspending [his] driving privileges, and adding another 10 day

active sentence for failure to appear." Finding no error, we affirm the judgment of the trial court.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

BACKGROUND

On October 22, 2020, Trooper M.C. Forbes observed Knighton on a motorcycle exiting from a gravel driveway onto Route 39 in Bath County. The speed limit for that portion of Route 39 is fifty-five miles per hour. Forbes' moving radar indicated that Knighton was traveling at ninety-five miles per hour. Forbes stopped Knighton, who explained that he was going fast because he had "slid into the driveway" and "was speeding up to find another spot because of the gravel." Forbes issued Knighton a summons for reckless driving.

The General District Court for Bath County convicted Knighton of reckless driving and imposed a ten-day suspended sentence, a ninety-day suspension of his driver's license, and a fine of $1,000 of which $500 was suspended. Knighton appealed his conviction to the circuit court. The notice of appeal, which Knighton signed, required him to be present in the circuit court on April 5, 2021. Knighton did not appear on April 5, 2021, and the circuit court issued a capias for his failure to appear.

On July 14, 2021, Knighton pled no contest to both reckless driving and failure to appear and requested to present "sentencing evidence on both." Prior to the trial court hearing Knighton's evidence related to sentencing, the Commonwealth summarized the evidence of the reckless driving offense. Part of the summary consisted of Forbes' testimony. Knighton did not object to the Commonwealth's summary or challenge the sufficiency of the evidence to support either conviction.

Providing what his counsel characterized as "sentencing evidence[,]" Knighton testified that he had attempted to pull over before exiting the driveway, but "almost slid down into the ditch" because of gravel. He further testified that he had pulled out of the driveway to avoid sinking in the gravel and was not aware of the speed he was traveling. Over the Commonwealth's objection, Knighton testified that he subsequently brought his motorcycle to a mechanic and discovered that its

speedometer had "like a two or three second delay." He also stated that he took a driver's improvement class after the incident.

When questioned about his failure to appear, Knighton explained that he had confused his court date with another matter. He acknowledged that he had received "a piece of paper" noting his court date. Forbes testified without objection that he had stopped Knighton for a separate, subsequent offense and that Knighton had failed to appear for his trial for that offense. Without objection, the trial court also reviewed Knighton's driving transcript, which confirmed that he had failed to appear for the subsequent offense.

Knighton requested that the trial court impose a "healthy suspended sentence" and a "hefty fine." The trial court convicted Knighton of reckless driving and failure to appear. As to the failure to appear, the trial court noted that "[g]etting your court dates mixed up is no excuse" and found that Knighton's failure to appear for another court date indicated "that it has nothing to do with mixing up court dates" and sentenced him to ten days in jail. On the reckless driving charge, the trial court sentenced Knighton to twelve months in jail, with nine months suspended. The trial court also suspended Knighton's driving privileges in Virginia for a period of six months and fined Knighton $500. This appeal followed.

## ANALYSIS

### I. Failure to appear

Knighton argues on appeal that the trial court erred in convicting him for his failure to appear. In doing so, Knighton concedes that he had notice of the April 5, 2021 hearing and that he pled no contest to the charge. He contends that, notwithstanding these concessions, the Commonwealth had to present sufficient evidence to sustain the charge and that there was no evidence that either he or his counsel failed to appear for the hearing.

When Knighton entered his no contest plea, he "waive[d] all defenses except those jurisdictional." *Meekins v. Commonwealth*, 72 Va. App. 61, 70 (2020) (quoting *Savino v. Commonwealth*, 239 Va. 534, 538 (1990)). "[B]y entering a plea of *nolo contendere*, the defendant 'implies a confession . . . of the truth of the charge . . . [and] agrees that the court may consider him guilty' for the purpose of imposing judgment and sentence." *Id.* (quoting *Commonwealth v. Jackson*, 255 Va. 552, 555 (1998)). "A plea of *nolo contendere* admits, for the purposes of the case, all facts supporting the accusation." *Smith v. Commonwealth*, 59 Va. App. 710, 723 (2012). Here, Knighton pled no contest to the failure to appear charge, did not attempt to withdraw his plea, and did not object to his conviction. Accordingly, Knighton "cannot contest the sufficiency of the evidence" on appeal. *Id.*[1]

## II. Sentencing

Knighton argues that the trial court abused its discretion by imposing an active jail sentence of three months for his reckless driving offense and ten days for his failure to appear charge, as well as suspending his driving privileges for six months. Specifically, he contends that the trial court abused its discretion by imposing a more severe sentence for reckless driving than the district court had and by basing the sentence on his failure to appear on a subsequent speeding ticket. Notwithstanding these arguments, Knighton concedes on brief that "[a] misdemeanor appeal is a trial *de novo* . . . and is to be tried without reference to the findings of the [d]istrict [c]ourt or other extraneous proceedings." *See Wright v. Commonwealth*, 52 Va. App. 690, 706 n.9 (2008) (noting "the circuit court has jurisdiction to conduct *de novo* reviews of misdemeanor convictions in the district court"). Knighton did not object to the admission of his driving record or Forbes' testimony

---

[1] Furthermore, we note that, because Knighton did not challenge the sufficiency of the evidence in the trial court, he is barred from raising that argument for the first time on appeal. *See* Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . .").

regarding his subsequent failure to appear. The record established that the trial court determined Knighton's sentences after hearing evidence and argument from the Commonwealth and Knighton.

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Du*, 292 Va. at 565). Here, as Knighton concedes, the sentences were within the ranges set by the legislature. *See* Code §§ 46.2-862 and 18.2-456. Because the sentences fall "within the statutory range[s], . . . our task is complete." *Id.*

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed.

*Affirmed.*