896 P.2d 1002

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Kenneth HOWRY, Defendant–Appellant.**

**No. 20847.**

Court of Appeals of Idaho.

June 6, 1995.

Benjamin Simpson, Shoshone County Public Defender, Wallace, for appellant.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

This is a sentence review. In October of 1992, Kenneth Howry was charged with one

count of involuntary manslaughter. I.C. § 18–4006. The charge resulted from the shooting death of an elk hunter in Shoshone County. In July of 1993, Howry entered a guilty plea, based on *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), maintaining that he was, in fact, innocent.

Following the entry of his plea, Howry was sentenced to a unified ten-year term of incarceration, with a four-year minimum period of confinement. Howry filed a notice of appeal to the Idaho Supreme Court. In addition to his allegation that the district court abused its discretion in arriving at his sentence, Howry claims that the district court erred by considering his lack of remorse for the crime. Such a consideration, Howry contends, is inappropriate when a defendant enters an *Alford* plea, because the defendant has not admitted guilt.

Howry also filed a motion for reduction of his sentence in the district court pursuant to I.C.R. 35. Following a hearing, the district court denied the motion for a reduction of sentence. As part of its denial of Howry's Rule 35 motion, the district court also denied Howry's motion to withdraw his guilty plea. Although the district court's decision denying Howry's Rule 35 motion and the withdrawal of the guilty plea were mentioned in an amended notice of appeal, Howry does not list either as an issue or present any argument regarding them in his brief. Therefore, we will not consider the denial of the Rule 35 motion or Howry's request to withdraw his guilty plea in this appeal.

■ The standards of review for a sentence require us to determine whether the lower court abused its discretion. The factors to be considered with regard to the sentence are well-established. *State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978); *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989); *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982).

The record in this case reveals a terrible and needless tragedy brought about by Howry's carelessness. At the time of the shooting, the victim and his hunting partner were both wearing red, visible clothing and were standing in a clear area. Howry and the victim were approximately ninety feet from each other. Howry either mistook the victim for an elk or fired at a tree that may have looked like an elk, hitting the victim.

The district court, in reaching the sentence in this case, considered Howry's tendency to blame others in his life for his problems. The district court also considered the deterrent effect the sentence would have on Howry and others. Having reviewed the record, we find no abuse of discretion by the district court in reaching the sentence in this case.

■ Howry also claims that in determining his sentence the district court improperly considered his lack of remorse. In further commenting on Howry's lack of remorse in its order denying Howry's Rule 35 motion, the district court noted:

[T]he defendant's steadfast refusal to recognize culpability and his utter lack of remorse for his victim have not been explained and concern the Court, as was the case at the at the [*sic*] time of original sentencing . . . .

Despite the repeated importunings of his first attorney that he display remorse at the time of sentencing, defendant was wholly unable to do so.

Because an *Alford* plea allows a defendant to plead guilty without an express admission of guilt, Howry claims that to consider a lack of remorse subverts the purpose of the plea. Howry asserts that considering a lack of remorse at sentencing allows a defendant to avoid an admission of guilt but then requires him to behave as if he were guilty in order to escape a harsher sentence.

■ We first note that a sentencing court is entitled to consider a wide range of information in determining an appropriate sentence in a given case. *State v. Barnes,* 121 Idaho 409, 411, 825 P.2d 506, 508 (Ct. App.1992). The duty of the trial court to provide an individualized sentence requires that the court have access to the broadest possible range of information about the defendant. *State v. Johnson,* 101 Idaho 581, 584, 618 P.2d 759, 762 (1980).

The United States Supreme Court, in the decision that gave rise to the *Alford* plea, *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), focused on whether allowing a defendant to plead guilty despite a continued claim of innocence violated the U.S. Constitution by inducing involuntary or unintelligently made pleas. The Court held that:

> [W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

400 U.S. at 37, 91 S.Ct. at 167. The focus of the Court's decision was on the constitutionality of such pleas. The decision does not require, however, that a court accept a guilty plea from a defendant while simultaneously treating the defendant as innocent for purposes of sentencing.

This Court, in *State v. McFarland,* 125 Idaho 876, 876 P.2d 158 (Ct.App.1994), addressed a similar issue. In that case, McFarland pled guilty despite his claim that he could not remember any of the events surrounding the crime. Although we were presented with the issue of remorse and *Alford* pleas in *McFarland,* the district court expressly stated that remorse would not be considered. Therefore, we did not address the precise issue raised here. We did note, however, that despite McFarland's claims that he remembered nothing about the crime, it was permissible for the district court to consider the evidence presented in examining the nature of the crime. 125 Idaho at 882, 876 P.2d at 164. Thus, once the *Alford* plea is entered, the court may treat the defendant, for purpose of sentencing, as if he or she were guilty.

Although an *Alford* plea allows a defendant to plead guilty amid assertions of innocence, it does not require a court to accept those assertions. The sentencing court may, of necessity, consider a broad range of information, including the evidence of the crime, the defendant's criminal history and the demeanor of the defendant, including the presence or absence of remorse. Such considerations play an important role in the court's determination of the rehabilitative potential of the defendant.

We conclude that the district court did not err in imposing the sentence in this case and that *Alford* does not require the court to treat the defendant as innocent. Instead, the court is entitled to consider all relevant information regarding the crime, including a defendant's lack of remorse. The judgment of conviction and sentence are affirmed.

WALTERS, C.J., and LANSING, J., concur.