COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Coleman and
          Senior Judge Duff
Argued at Alexandria, Virginia


ROY DAMIEN SMITH, JR.
                                       OPINION BY
v.     Record No. 1241-97-4   CHIEF JUDGE JOHANNA L. FITZPATRICK
                                       MAY 12, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                     Frank A. Hoss, Jr., Judge

          William C. Boyce, Jr. (Weimer & Boyce, on
          brief), for appellant.

          Jeffrey S. Shapiro, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Roy Damien Smith, Jr. (appellant) entered an Alford plea to

charges of first degree murder and two counts of attempted first

degree murder.  On appeal, he contends the trial court erred in

considering his failure to express remorse for the plight of the

victims when imposing a sentence.  For the following reasons, we

affirm.

                                  I.

     Appellant was indicted on one count of capital murder, two

counts of attempted capital murder, three counts of use of a

firearm in the commission of murder, and one count of conspiracy

to distribute cocaine.  Before trial, the Commonwealth and

appellant agreed to a plea bargain in which the charges were

amended to first degree murder and two counts of attempted first

degree murder and appellant entered an Alford plea.  See North

*Carolina v. Alford*, 400 U.S. 25 (1970).  Appellant stated:  "I'm pleading guilty because I feel I have no other choice.  I just want to save my life."

The Commonwealth called Detective Richard Cantarella, who presented a summary of the evidence.  Viewed in the light most favorable to the Commonwealth, see *Juares v. Commonwealth*, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997), the evidence established that on December 9, 1995, appellant entered an apartment where a woman, several men, and three young children were present.  Appellant attempted to sell cocaine to Antonio Douglas, one of the men.  Douglas refused and walked to the front of the apartment.  Appellant asked the woman to stay in the back, walked to the front of the apartment, pulled out a gun, and shot both Douglas and a second man in the head.  Later, appellant fatally wounded a third man with several shots, including two to the head.

At the conclusion of the summary, the following colloquy took place:

> COURT:  Are you pleading guilty because that's what you believe the Commonwealth's evidence will be and that [sic] you do not wish to run the risk of being found guilty beyond a reasonable doubt?
>
> [APPELLANT]:  Yes, sir.

The trial court accepted appellant's *Alford* plea and found him guilty of first degree murder and two counts of attempted first degree murder.

At sentencing, appellant was given the opportunity for allocution and he made the following statement:

> I'm a changed man, you know. . . . Even though I know I hurted [sic] people in my life, my family -- I'm ashamed of being in this situation for real, you know. . . . God opened my eyes . . . and told me it's time to wake up, it's time to change, it's time to go on that straight path. . . . [I]f it take[s] my whole life from now on until the day I die, I'm going to maintain, regardless if you hit me with time or whatever you do, I'm going [to] change.

Following appellant's statement, the trial court found him to be a dangerous person and sentenced him to life imprisonment.

> I have considered the evidence in this case, I have considered the presentence report. . . . And even after listening to you, the whole time that you told me how things have affected you and how you are now going to walk straight no matter what happens, I still haven't heard anything from you about the poor person that died on this occasion . . . . I think you are a dangerous person, sir. Consequently, on the charge of murder, I am sentencing you to life in prison.

Appellant was also sentenced to two concurrent sentences of ten years for the attempted murders.

## II.

The sole issue before us on appeal is whether appellant's entry of an Alford plea requires the trial judge to disregard his lack of remorse at sentencing. Appellant contends it is unreasonable to consider his lack of remorse for a murder he denied committing. He further argues that requiring defendants to acknowledge responsibility and express remorse to avoid a more

3

severe sentence may chill the use of the Alford plea and may increase the burden on the courts.

"'For the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender.'" Shifflett v. Commonwealth, 26 Va. App. 254, 259, 494 S.E.2d 163, 166 (1997) (en banc) (quoting Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55 (1937)). "'[P]ossession of the fullest information possible concerning the defendant's life and characteristics is highly relevant – if not essential – to the selection of an appropriate sentence.'" Shifflett, 26 Va. App. at 260, 494 S.E.2d at 166 (citation omitted). A lack of remorse is "'obviously proper'" evidence to consider "in determining 'dangerousness,' viz., whether the defendant 'would in all probability commit criminal acts of violence in the future.'" Thomas v. Commonwealth, 244 Va. 1, 23, 419 S.E.2d 606, 619, cert. denied, 506 U.S. 958 (1992) (quoting Clark v. Commonwealth, 220 Va. 201, 210, 257 S.E.2d 784, 790 (1979), cert. denied, 444 U.S. 1049 (1980)). See also United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994) (lack of remorse is relevant to sentencing).

In Virginia, "[a]n accused may plead not guilty, guilty or nolo contendere." Code § 19.2–254. Appellant's right to enter a plea of guilty without an express admission of guilt was firmly

4

established in North Carolina v. Alford, 400 U.S. 25 (1970).  The

Supreme Court determined that such a plea is constitutional and

held that "while most pleas of guilty consist of both a waiver of

trial and an express admission of guilt, the latter element is

not a constitutional requisite to the imposition of criminal

penalty."  Id. at 37.

Although the specific question before us is an issue of

first impression in Virginia, several sister states have

considered the effect of a lack of remorse at sentencing when a

defendant has not accepted criminal responsibility.  In a case

directly on point, the Court of Appeals of Idaho found that

Alford "does not require . . . that a court accept a guilty plea

from a defendant while simultaneously treating the defendant as

innocent for purposes of sentencing."  State v. Howry, 896 P.2d

1002, 1004 (Idaho Ct. App. 1995).

The Howry court rejected the defendant's contention that

considering a lack of remorse at sentencing subverts the purpose

of the Alford plea, and held that "once the Alford plea is

entered, the court may treat the defendant, for purpose of

sentencing, as if he or she were guilty."  Id.  Additionally,

> [a]lthough an Alford plea allows a defendant
> to plead guilty amid assertions of innocence,
> it does not require a court to accept those
> assertions.  The sentencing court may, of
> necessity, consider a broad range of
> information, including the evidence of the
> crime, the defendant's criminal history, and
> the demeanor of the defendant, including the
> presence or absence of remorse.

Id.  The Howry court concluded that the sentencing court was "entitled to consider all relevant information regarding the crime, including [the] defendant's lack of remorse."  Id.

Also, in Jennings v. State, the Court of Appeals of Maryland held that "a sentencing court may consider, on the issue of a defendant's prospects for rehabilitation, the defendant's lack of remorse."  664 A.2d 903, 910 (Md. 1995).  The court distinguished lack of remorse, a proper factor to consider in fashioning an appropriate sentence, from denial of criminal responsibility, which is not a permissible consideration at sentencing.  "It is absolutely clear that a trial court may not punish a defendant for invoking his right to plead not guilty."  Jennings, 664 A.2d at 908.

Although the defendant in Jennings did not enter an Alford plea, he argued on appeal that the trial court enhanced his sentence because he refused to accept criminal responsibility for the crime of which he was convicted.  See id.  The court rejected this argument, finding that

> the sentencing court's remarks reflect a refusal to grant [the defendant] the benefit of a lesser sentence . . . rather than the intentional imposition of a greater one in punishment for [his] refusal to plead guilty or his continuing protestations of innocence.

Id. at 909.  See also Saenz v. State, 620 A.2d 401, 407 (Md. Ct. Spec. App. 1993) ("trial court's present tense observation of a defendant's lack of remorse, so long as it is not explicitly linked to a defendant's prior claim of innocence or not guilty

6

plea or exercise of his right to remain silent, is an appropriate factor to consider at sentencing").

We agree with our sister states that a trial court may consider a defendant's lack of remorse at sentencing, even when the defendant has chosen to enter an Alford plea. Consideration of a defendant's attitude "play[s] an important role in the court's determination of the rehabilitative potential [and future dangerousness] of the defendant." Howry, 896 P.2d at 1004. The court must take into account a wide range of information, including the defendant's remorse or lack thereof, in determining "'a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation.'" Shifflett, 26 Va. App. at 259, 494 S.E.2d at 166 (quoting Gilliam v. Commonwealth, 21 Va. App. 519, 524, 465 S.E.2d 592, 594 (1996)). Consequently, we hold that a defendant's Alford plea does not require that the trial court disregard his lack of remorse at sentencing.

In the instant case, appellant acknowledged that he "hurted [sic] people in my life, my family" and was "ashamed of being in this situation." He also promised "to go on that straight path." However, appellant did not mention the victims of the shootings or their families. The trial court considered this lack of remorse along with appellant's criminal history and the other "evidence in this case" and imposed the maximum sentences allowed

7

under the statute.[1]  See Code §§ 18.2-10(b), 18.2-26(1), and 18.2-32.[2]  Where, as here, "the maximum punishment is prescribed by statute, 'and the sentence imposed does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion.'"  Valentine v. Commonwealth, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (citation omitted).  We hold that once appellant was found guilty, the trial court did not err in considering his lack of remorse as one factor in sentencing and did not abuse its discretion in imposing sentences within the statutory requirements.

Our holding does not, as appellant suggests, require him to assume responsibility for crimes while asserting his innocence.  Appellant's denial of responsibility would not be inconsistent with an expression of sympathy for the victims of the "situation" to which he referred during allocution.  Appellant's lack of concern for the victims of the crimes for which he was convicted was a factor relevant when assessing his future dangerousness, which the trial court properly considered at sentencing.

Lastly, appellant argues that requiring him to accept

---

[1]The presentence report disclosed an extensive juvenile record, multiple probation violations and revocations, and outstanding bench warrants in New Jersey on charges of attempted murder, cocaine possession, and weapons and probation violations.

[2]First degree murder is punishable as a Class 2 felony with a maximum penalty of life in prison.  Attempted first degree murder is punishable as a Class 4 felony with a maximum penalty of ten years in prison.  See Code §§ 18.2-10(b), 18.2-26(1), and 18.2-32.

8

responsibility and express remorse for a crime he has not admitted in exchange for a potentially lighter sentence effectively compels him to be a witness against himself in violation of the Fifth Amendment. However, an expression of remorse does not presuppose acceptance of criminal responsibility. Appellant was not compelled to testify against himself; he merely had to choose whether to show sympathy for the victims. "'The Fifth Amendment does not insulate a defendant from all "difficult choices" that are presented during the course of criminal proceedings.'" Doss v. Commonwealth, 23 Va. App. 679, 687-88, 479 S.E.2d 92, 96-97 (1996) (quoting United States v. Frazier, 971 F.2d 1076, 1080 (4th Cir. 1992), cert. denied, 506 U.S. 1071 (1993)) ("Placing the defendant in a position of relinquishing the instrumentality of a crime to which he had been found guilty, in order to receive a suspended sentence, is a choice that did not impermissibly burden the defendant's privilege against self-incrimination."). Appellant exercised his right to allocution at sentencing and chose not to express remorse for the victims. The trial court was within its discretion when it considered this choice along with all other relevant sentencing information. For the foregoing reasons, we affirm the convictions.

Affirmed.