COURT OF APPEALS OF VIRGINIA

Present: Judges Elder, Clements and Agee
Argued at Richmond, Virginia


CARLISLE RAWLES ZIMMER

MEMORANDUM OPINION[*] BY
v.   Record No. 2623-00-2        JUDGE LARRY G. ELDER
                                  DECEMBER 27, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
L. A. Harris, Jr., Judge

Jason P. Livingston (J. Thompson Cravens &
Associates, on brief), for appellant.

Susan M. Harris, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Carlisle Rawles Zimmer (appellant) appeals from his convictions for taking indecent liberties with children pursuant to Code § 18.2-370, aggravated sexual battery pursuant to Code § 18.2-67.3, and solicitation to commit forcible sodomy pursuant to Code §§ 18.2-29 and 18.2-67.1. On appeal, he contends the trial court erroneously denied his motion to suppress statements he made during a custodial interrogation which occurred before he was <u>Mirandized</u>. The Commonwealth contends he waived his right to challenge the trial court's suppression ruling on appeal when he entered a guilty plea pursuant to <u>North Carolina</u>

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>v. Alford</u>, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). We hold appellant's entry of an <u>Alford</u> plea constituted a waiver of his right to appeal all non-jursidictional defects, and we dismiss the appeal.

In Virginia, "[a]n accused may plead not guilty, guilty or <u>nolo</u> <u>contendere</u>." Code § 19.2-254. The right of an accused to enter a <u>nolo</u> <u>contendere</u> plea, "a plea of guilty without an express admission of guilt[,] was firmly established in <u>North Carolina v. Alford</u>, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970)." <u>Smith v. Commonwealth</u>, 27 Va. App. 357, 361, 499 S.E.2d 11, 13 (1998).

Code § 19.2-254 also permits an accused charged with a felony, "[w]ith the approval of the court and the consent of the Commonwealth," to enter a conditional plea of guilty which preserves the right of the accused to "appeal . . . the adverse determination of any specified pretrial motion." Code § 19.2-254. However, an ordinary guilty plea which is voluntary and intelligent constitutes "'a waiver of all defenses other than those jurisdictional . . . . Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal.'" <u>Savino v. Commonwealth</u>, 239 Va. 534, 539, 391 S.E.2d 276, 278 (1990) (citation omitted). Thus, a guilty plea waives all preceding non-jurisdictional defects, including constitutional claims, <u>Terry v. Commonwealth</u>, 30 Va.

-

App. 192, 197, 516 S.E.2d 233, 235-36 (1999) (en banc), and an Alford plea "'ha[s] the same preclusive effect as a guilty plea'" for purposes of appeal, Perry v. Commonwealth, 33 Va. App. 410, 412, 533 S.E.2d 651, 652-53 (2000) (quoting Cortese v. Black, 838 F. Supp. 485, 492 (D. Colo. 1993)); see Clauson v. Commonwealth, 29 Va. App. 282, 294, 511 S.E.2d 449, 455 (1999).

Here, during an extended colloquy between appellant and the trial court, appellant expressly acknowledged that by entering pleas of guilty, he "[gave] up both [his] right to be tried by a jury, as well as [his] right to appeal the decision of [the trial] court."  The court concluded, "after questioning," that appellant's Alford pleas were "made knowingly, intelligently, and voluntarily after advice from competent counsel," and it convicted appellant of the charged offenses.  In this appeal, appellant does not contend that he entered his Alford pleas involuntarily or unintelligently or that he misunderstood the effect of his pleas.

Thus, by knowingly, intelligently and voluntarily entering the Alford pleas, appellant waived his right to appeal the denial of the motion to suppress his statement, and we dismiss this appeal.

Appeal dismissed.

-