**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43000**

| | |
|---|---|
| **CHRISTOPHER MARK TAYLOR,** | ) **2016 Unpublished Opinion No. 532** |
| | ) |
| **Petitioner-Appellant,** | ) **Filed: May 17, 2016** |
| | ) |
| **v.** | ) **Stephen W. Kenyon, Clerk** |
| | ) |
| **STATE OF IDAHO,** | ) **THIS IS AN UNPUBLISHED** |
| | ) **OPINION AND SHALL NOT** |
| **Respondent.** | ) **BE CITED AS AUTHORITY** |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Christopher Mark Taylor, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Christopher Mark Taylor appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In 2011, Taylor pled guilty to one count of aggravated battery upon a peace officer, I.C. §§ 18-903, 18-907 and 18-915, enhanced for the use of a deadly weapon, I.C. § 19-2520, and being a persistent violator, I.C. § 19-2514. Taylor also entered an *Alford*[1] plea to one count of aggravated assault on a peace officer, I.C. §§ 18-901, 18-905, and 18-915, with an enhancement

---

[1]  *See North Carolina v. Alford*, 400 U.S. 25 (1970).

for being a persistent violator. The district court sentenced Taylor to concurrent determinate life terms. Taylor filed an I.C.R. 35 motion for a reduction of his sentences, which the district court denied. Taylor appealed and this Court affirmed in an unpublished opinion. *State v. Taylor*, Docket No. 39844 (Ct. App. Aug. 1, 2013).

Taylor filed a petition for post-conviction relief, alleging he received ineffective assistance of counsel from both his trial counsel and his appellate counsel. The district court summarily dismissed Taylor's petition, holding that he did not raise a genuine issue of material fact regarding ineffective assistance of his trial and appellate counsel. Taylor appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering

2

summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free

3

review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

In his petition, Taylor alleged several claims of ineffective assistance by both his trial counsel and appellate counsel. A claim of ineffective assistance of counsel may properly be brought under the post-conviction procedure act. *Murray*, 121 Idaho at 924-25, 828 P.2d at 1329-30. To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

## A.    Failure to Challenge Illegal Sentences

Taylor alleges that his trial counsel and appellate counsel were ineffective for failing to challenge the legality of his sentences.

### 1.    Due process

Taylor argues that his sentences violated his due process rights because the enhanced portion of his sentences exceeded the maximum penalty permitted for the underlying crimes. He appears to argue that the only sentences which may be determinate are the sentences imposed for the underlying crimes--not the enhancements. Taylor provides no support or argument for his claim that his due process rights were violated. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.

4

App. 1997). Additionally, this argument was not raised below. The scope of post-conviction relief is limited. *Rodgers v. State*, 129 Idaho 720, 725, 932 P.2d 348, 353 (1997). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 349-50, 247 P.3d 210, 214-15 (Ct. App. 2010). Thus, this Court will not consider Taylor's due process argument.

### 2. Double jeopardy

Taylor alleges that his sentence for aggravated battery is illegal because the charge was enhanced for the use of a deadly weapon, exposing him to double jeopardy. Taylor alleges that one of the elements of a charge of aggravated battery is the use of a deadly weapon. The Idaho Supreme Court considered a similar issue regarding multiple enhancements in *State v. Kerrigan*, 143 Idaho 185, 187-88, 141 P.3d 1054, 1056-57 (2006). In that case, the defendant pled guilty to aggravated battery for shooting and severely injuring a police officer. *Id.* at 186-87, 141 P.3d at 1055-56. The district court imposed a forty-five-year sentence, with a minimum period of confinement of forty years. The sentence was comprised of fifteen years for aggravated battery, a fifteen-year enhancement because the battery was upon a law enforcement officer, and a fifteen-year enhancement for the use of a firearm in the commission of the crime. Kerrigan argued the district court erred in imposing two sentence enhancements to his single substantive offense for aggravated battery--one based on the victim's status as a law enforcement officer and one for use of a deadly weapon. *Id.* at 187-88, 141 P.3d at 1056-57. Kerrigan claimed that both enhancements could only be applied to the aggravated battery and could not be stacked on each other. The Court rejected Kerrigan's argument, holding:

> First, the district court had statutory authority for each sentence enhancement considered separately. In 1991, I.C. § 18-915 (assault or battery upon a law enforcement officer) provided for the doubling of Kerrigan's fifteen year sentence for aggravated battery. Idaho Code § 19-2520 (extended sentence for use of firearm or deadly weapon) provided for an additional fifteen year sentence for Kerrigan's use of a firearm in the commission of his offense. The pertinent statutes contained no language prohibiting both enhancements from being attached to a sentence for a single substantive crime. Kerrigan is correct that I.C. § 18-915 is not referenced as an enhanceable offense in I.C. § 19-2520, but I.C. § 19-2520 need not enhance I.C. § 18-915; it can enhance I.C. § 18-907 directly.
> Second, the two enhancements added to Kerrigan's sentence were not duplicative, and the application of both enhancements to a single substantive

5

offense thereby serves the legislature's intent to deter the conduct proscribed by each of them. The firearms enhancement serves to discourage the use of deadly weapons in the commission of other crimes, while the enhancement for assault or battery upon a law enforcement officer is designed to protect those who preserve the public welfare. Since they deter and punish separate aspects of the criminal conduct to which Kerrigan pleaded guilty, each serves a separate and legitimate purpose.

*Id.* at 188, 141 P.3d at 1057. Thus, the Idaho Supreme Court held that the sentence was not illegal on the basis that two sentence enhancements were applied to a single substantive conviction.

In Taylor's case, the district court stated that Taylor's sentences were "inclusive of the deadly weapon and persistent violator enhancement[s]." As in *Kerrigan*, nothing in either enhancement statute or any other provision of law limits the trial court's ability to impose a sentence based on two enhancements. In this case, both enhancements deter and punish separate aspects of Taylor's criminal conduct. The deadly weapon enhancement, I.C. § 19-2520, serves to discourage the use of deadly weapons in the commission of certain enumerated offenses, including aggravated battery. *See Kerrigan*, 143 Idaho at 188, 141 P.3d at 1057. Furthermore, the persistent violator enhancement, I.C. § 19-2514, provides greater punishment for repeat felony offenders. Application of both enhancements to Taylor's sentence was not illegal, and Taylor has failed to show that the district court erred in summarily dismissing his claim for post-conviction relief.

As Taylor has not shown error in applying the two sentencing enhancements, Taylor's claim that his double jeopardy rights were violated because of the multiple enhancements fails. The Double Jeopardy Clause of the United States and Idaho Constitutions affords a defendant three basic protections. It protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple criminal punishments for the same offense. *State v. Corbus*, 151 Idaho 368, 370, 256 P.3d 776, 778 (Ct. App. 2011). As the state correctly argues, the only offense for which Taylor was punished is aggravated battery on a law enforcement officer. That definition includes committing a battery using a "deadly weapon or instrument," I.C. § 18-907(1)(b), and does not provide that the punishment for committing an aggravated battery in this fashion cannot be enhanced. To the contrary, I.C. § 19-2520 expressly provides that it applies "even in those cases where the use of a

6

firearm is an element of the offense." Furthermore, it is well within the legislature's purview to enhance a sentence in this fashion. *See Garrett v. United States*, 471 U.S. 773, 778-79 (1985) (holding if the legislative intent is clear from the face of the statute or the legislative history that a defendant can be convicted and punished under different statute for the same conduct, there can be no double jeopardy violation); *Missouri v. Hunter*, 459 U.S. 359, 366 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."). Thus, the district court did not err in dismissing Taylor's double jeopardy claim.

### 3. *Alford* **plea**

Taylor appears to argue that, because he entered an *Alford* plea to aggravated assault, he received a longer sentence than "would have otherwise been possible" and was prejudiced. Taylor cites two legally and factually inapposite cases in support of his argument. Taylor provides no other cogent argument to support his claim that the district court erred in dismissing this claim.

However, even if we consider Taylor's argument as to an *Alford* plea and a longer sentence being a result, it fails nonetheless. Pursuant to I.C.R. 11, before a court can accept a guilty plea, the court must advise the defendant of the minimum and maximum penalties he or she faces. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). If the record indicates that the trial court followed the requirements of I.C.R. 11(c), this is a prima facie showing that the plea is voluntary and knowing. *Hayes*, 146 Idaho at 353, 195 P.3d at 714. The trial court could impose any sentence authorized by law regardless of whether the conviction was the result of a plea entered pursuant to *Alford*, a finding of guilt after trial, or guilty plea with an admission of the factual basis. *Steele v. State*, 153 Idaho 783, 790, 291 P.3d 466, 473 (Ct. App. 2012). In *State v. Howry*, 127 Idaho 94, 896 P.2d 1002 (Ct. App. 1995), this Court addressed the relationship between an *Alford* plea and the sentencing process. *See also Steele*, 153 Idaho 783, 291 P.3d 466 (Ct. App. 2012). In *Howry*, the defendant entered an *Alford* plea while asserting that he was innocent. At sentencing, the district court considered the defendant's "steadfast refusal to recognize culpability and his utter lack of remorse." *Howry*, 127 Idaho at 95, 896 P.2d at 1003. The defendant asserted that such consideration was inappropriate after the entry of an *Alford* plea because doing so would require a defendant who has not admitted guilt to behave as

7

if he were guilty in order to escape a harsher sentence. *Howry*, 127 Idaho at 95, 896 P.2d at 1003. This Court held that, "once the *Alford* plea is entered, the court may treat the defendant, for purpose of sentencing, as if he or she were guilty." *Howry*, 127 Idaho at 95, 896 P.2d at 1003. Further, we held:

> Although an *Alford* plea allows a defendant to plead guilty amid assertions of innocence, it does not require a court to accept those assertions. The sentencing court may, of necessity, consider a broad range of information, including the evidence of the crime, the defendant's criminal history and the demeanor of the defendant, including the presence or absence of remorse. Such considerations play an important role in the court's determination of the rehabilitative potential of the defendant.

*Howry*, 127 Idaho at 95, 896 P.2d at 1003. Our holding in *Howry*, recognizes the district court's discretion and fact-finding role when sentencing a defendant who has entered an *Alford* plea. *Steele*, 153 Idaho at 789, 291 P.3d at 473.

Here, prior to Taylor's entry of plea, the district court informed Taylor that he faced imprisonment for life as an enhancement for the crime of aggravated battery on a peace officer and aggravated assault on a peace officer. Furthermore, when we considered Taylor's case and sentence on direct appeal, we explained that, despite the unquestionable weight of the sentence, it was not an abuse of the district court's discretion to impose a concurrent fixed life sentence based on Taylor's lengthy misdemeanor and felony record, his egregious crimes resulting in severe permanent injury to one law enforcement officer and risk of harm to another, and the lack of any realistic potential for rehabilitation. *Taylor*, Docket No. 39844. Thus, because the district court could consider a broad range of information at sentencing and treat an *Alford* plea the same as a guilty plea or conviction after a trial, the district court properly treated Taylor as guilty of aggravated assault once it accepted his *Alford* plea. Taylor has not met his burden to show that the district court erred in summarily dismissing his petition.

## B.     Failure to Advise of Potential Maximum Sentences

Taylor argues that his trial counsel never informed him that he could face two fixed life sentences and allowed him to plead guilty pursuant to a plea bargain that netted an end result potentially less favorable than if he had proceeded to trial. Taylor argues that, had he known the consequences of his guilty pleas, there would be no reason for him to plead guilty. However, as the state correctly argues, Taylor did not plead guilty to two fixed life sentences--he pled guilty

to offenses that subjected him to maximum life sentences, which the district court imposed. Because Taylor might regret pleading guilty without an agreement as to sentencing does not mean that he was not advised of the maximum penalties. Taylor provides no support from the record or from law to support his argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell*, 130 Idaho at 128, 937 P.2d at 440.

Furthermore, Taylor's assertions directly contradict the record. The record shows that, after the district court advised Taylor of the maximum penalties for both charges to which he pled guilty, the district court also advised Taylor of the consequences of the persistent violator enhancement to which Taylor also agreed to plead guilty. The district court specifically asked Taylor if he understood that the "maximum penalty that [he] would face would be a minimum of five years in the state penitentiary, which could be extended to life." In response, Taylor replied, "Yes, sir." Thus, even assuming Taylor's claim that trial counsel did not advise him of the maximum sentence was truthful, he has not shown that, but for counsel's error, he would not have pled guilty because the record shows that the district court informed Taylor of the maximum penalties he faced before he changed his plea in conformance with I.C.R. 11(c). Therefore, Taylor's assertion that his counsel was ineffective for failing to advise him that the district court could impose maximum life sentences is without merit and Taylor has not shown error in the district court's denial of this claim.

## C.     Counsel's Advice Regarding Plea Bargain

Taylor contends that his trial counsel was ineffective because he gave Taylor advice that netted him a result potentially less favorable than had he gone to trial. Taylor's argument seems to revolve around the mistaken belief that he pled guilty to two fixed life sentences rather than two offenses. Taylor again, provides no support from the record or from the law for his assertion. Furthermore, Taylor did not raise this specific issue as to ineffective assistance of counsel in his argument blow. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Thus, this claim fails not only for being erroneous and unsupported from the record or from the law but also because it was not raised below.

9

## IV.

## CONCLUSION

Taylor has not shown that his attorneys were ineffective for failing to challenge his sentences. Also, Taylor has not shown that he was not advised of his potential maximum sentences of life in prison. Additionally, Taylor failed to show that his trial counsel's performance was deficient when counsel advised him to accept the plea bargain. Because Taylor has not met his burden of proof in establishing a prima facie case in any of these claims, he has not shown that the district court erred in denying his petition for post-conviction relief. Accordingly, we affirm the judgment of the district court summarily dismissing Taylor's petition for post-conviction relief. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.