COURT OF APPEALS OF VIRGINIA

Present: Judges Chafin, Malveaux and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

DAVIANTA MALIK GRANDY

v.      Record No. 0971-15-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE TERESA M. CHAFIN
OCTOBER 25, 2016

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Marjorie T. Arrington, Judge

Terence P. Martin, Senior Assistant Public Defender, for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Davianta Malik Grandy was convicted of robbery, attempted robbery, aggravated

malicious wounding, and conspiracy offenses at the conclusion of a jury trial held in the Circuit

Court of the City of Chesapeake. On appeal, Grandy contends that the trial judge erred by

refusing to recuse herself from presiding over his sentencing hearing and to declare a mistrial

based on her comments concerning his demeanor at trial. For the reasons that follow, we affirm

Grandy's convictions.

I. BACKGROUND

"In accordance with established principles of appellate review, we state the facts in the

light most favorable to the Commonwealth, the prevailing party in the trial court[, and] accord

the Commonwealth the benefit of all inferences fairly deducible from the evidence." Riner v.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004). So viewed, the evidence is as follows.[1]

Grandy's convictions arose from the armed robbery of a restaurant delivery driver and his girlfriend. In the course of the robbery, the driver was threatened at gunpoint, struck in the head, cut on the hand, and shot in the stomach. The driver identified Grandy as one of his assailants, and he was arrested and eventually convicted of the aforementioned offenses. Grandy was fourteen years old at the time of the robbery.

At his sentencing hearing, Grandy presented testimony from several counselors from Chesapeake Juvenile Services and his probation officer. These individuals testified that Grandy had been in custody awaiting trial for nearly two years and that he had significantly matured during that time. One counselor testified that Grandy was "well-mannered," "very respectful," and a "leader to his peers." Grandy's probation officer testified that Grandy was "probably the most respectful child" that she had ever supervised and that she believed that he would continue to respect authority figures in the future. A licensed clinician who worked with Chesapeake Juvenile Services testified that Grandy had maintained a healthy attitude toward authority throughout his confinement.

Grandy asked the trial judge to consider his increased maturity as a mitigating factor supporting a reduced sentence. Specifically, he argued that he had "followed every rule and regulation imposed upon him by the authorities, and he [had] done it in a respectful manner." In response to this comment, the trial judge interrupted Grandy's attorney and stated:

> Can I say this, and I think you need to hear this because maybe you all would not see this. I sat here through two trials with him, and

---

[1] Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

even today, I don't know anybody who stares directly in my eyes as much as your client.

I am not sure what that is. Perhaps you will tell the Court because I am not sure if that is an intimidation tactic, but I am certainly uncomfortable with it.

After Grandy's attorney explained that he had informed him to be respectful to the court and stare straight ahead during the proceedings, the trial judge stated:

That is the first time he looked away, and he is intent on: I will not blink. That is the impression I got and not just today but every time he has been in court. He is going to put his eyes to mine and they are going to stay there, and I do. I look away. I don't know what to make of that, I must say.

Grandy's attorney then explained that Grandy was trying to show respect for the court by looking at the trial judge when she was speaking. The trial judge responded that Grandy had continuously stared at her throughout the proceedings, even when witnesses were testifying and attorneys were speaking. Grandy's attorney maintained that Grandy was only attempting to be respectful to the court. At the conclusion of argument, the sentencing hearing was continued to allow Grandy to be evaluated for participation in the Youthful Offender Program.

Prior to the next hearing, Grandy filed a motion requesting the trial judge's recusal from further sentencing proceedings. The motion also requested the trial judge to declare a mistrial.[2] In support of his motion, Grandy argued that the trial judge's comments about his demeanor raised substantial concerns about her impartiality. Specifically, Grandy noted that the trial judge stated that his behavior in the courtroom caused her to feel "uncomfortable." He claimed that

---

[2] Although the motion also requested a new trial, Grandy did not address the trial court's ruling concerning this request in his assignment of error. Accordingly, his request for a new trial and the trial court's decision regarding that issue is not before this Court. See Rules 5A:12(c)(1) and 5A:20(c).

Additionally, while we note that the motion for a mistrial was filed months after the trial judge made the comments at issue on appeal, it is unnecessary to determine whether this motion was untimely given our decision concerning the propriety of the trial judge's recusal.

this perception may have unfairly influenced the trial judge's rulings throughout the trial and adversely affected him. The Commonwealth responded that the trial judge was required to consider Grandy's demeanor throughout the proceedings at his sentencing hearing and that her comments did not demonstrate that she was biased against him.

The trial judge denied Grandy's motion. While the trial judge admitted that Grandy's demeanor made her feel uncomfortable, she clarified that she was not intimidated by his actions and explained that she would have held Grandy in contempt of court if she felt that he was attempting to intimidate her. The trial judge further explained that she made the comments about Grandy's demeanor simply to bring the issue to the attention of Grandy's attorney, who may or may not have noticed his client's behavior, and noted that she had not expressed whether she considered Grandy's conduct as respectful or disrespectful to the court.

After denying Grandy's motion, the trial judge proceeded with Grandy's sentencing hearing. At the conclusion of the hearing, the trial judge imposed a "blended sentence" of ten years of confinement, committing Grandy to the Department of Juvenile Justice until he was twenty-one years old with incarceration in the Department of Corrections to follow. Grandy appealed his convictions to this Court.

## II. ANALYSIS

On appeal, Grandy contends that the trial judge's comments about his demeanor implied that she was biased against him. We disagree. After reviewing the record of this case and the argument and authority presented by the parties, we conclude that the trial judge did not abuse her discretion by refusing to recuse herself under the present circumstances. When viewed in the context of this case, the trial judge's statements did not establish or imply that she was impermissibly biased against Grandy.

"In considering a motion for recusal, a judge must exercise reasonable discretion in determining whether he or she possesses such bias or prejudice that would deny a litigant a fair trial." Wilson v. Commonwealth, 272 Va. 19, 28, 630 S.E.2d 326, 331 (2006). Accordingly, we apply an abuse of discretion standard to determine the propriety of a trial judge's recusal decision. Id. "The burden of proving a judge's bias or prejudice lies with the party seeking recusal." Prieto v. Commonwealth, 283 Va. 149, 163, 721 S.E.2d 484, 493 (2012).

"[T]he Canons of Judicial Conduct are instructive, although not determinative[,] in our review of a judge's recusal decision." Wilson, 272 Va. at 28, 630 S.E.2d at 331. Canon 3(E)(1) states, in pertinent part, that "[a] judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where . . . [t]he judge has a personal bias or prejudice concerning a party . . . ." Additionally, the Supreme Court has explained that "in making [a] recusal decision, 'the judge must be guided not only by the true state of his impartiality, but also by the public perception of his fairness, in order that public confidence in the integrity of the judiciary may be maintained.'" Wilson, 272 Va. at 28, 630 S.E.2d at 331 (quoting Stamper v. Commonwealth, 228 Va. 707, 714, 324 S.E.2d 682, 686 (1985)).

When a recusal motion is based on comments that occur in the record, "those comments must be taken in the context of the record as a whole." Prieto, 283 Va. at 164, 721 S.E.2d at 494. In the present case, the trial judge's comments about Grandy's demeanor were appropriate given the context of the case. They were proper in light of the stage of the proceedings and directly responsive to Grandy's mitigation argument.

A trial judge may consider a defendant's demeanor during a sentencing proceeding. See Smith v. Commonwealth, 27 Va. App. 357, 363, 499 S.E.2d 11, 14 (1998). Trial courts must take into account a wide range of information to determine an appropriate sentence, and the

"[c]onsideration of a defendant's attitude 'plays an important role in the court's determination of the rehabilitative potential [and future dangerousness] of the defendant.'" Id. (alteration in original) (quoting State v. Howry, 896 P.2d 1002, 1004 (Idaho Ct. App. 1995)). Here, the trial judge's comments directly addressed Grandy's demeanor at both the sentencing hearing and prior proceedings.[3]

Moreover, the trial judge's comments concerning Grandy's demeanor were made in response to his mitigation argument. Grandy argued that he deserved a reduced sentence because he had significantly matured during the course of his pre-trial confinement. Among other things, Grandy contended that he was respectful of authority and would continue to respect authority in the future. In response to this argument, the trial judge informed Grandy's attorney that Grandy had stared at her continuously throughout the proceedings and that she was unsure of his purpose for doing so. As Grandy's behavior could have potentially been construed as a disrespectful attempt to "stare down" or otherwise intimidate the court, the trial judge's comments were directly relevant to Grandy's argument that he respected authority due to his increased maturity.

---

[3] In Likety v. United States, 510 U.S. 540 (1994), the Supreme Court explained that:

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555. While Likety addressed the standards for recusal under federal law rather than the standards for recusal under Virginia law, we find this analysis persuasive.

Additionally, we note that Grandy's behavior seemingly had little effect on the trial judge. While the trial judge admitted that Grandy's behavior made her uncomfortable, she explained that she was not intimidated by his demeanor. She further explained that she did not form an opinion regarding whether or not his behavior was disrespectful to the court. The trial judge also sentenced Grandy below the midpoint of the sentence range suggested by his sentencing guidelines.[4]

In summary, the trial judge's comments cannot be construed to establish that she was biased against Grandy. Her comments did not imply that her decisions in the trial were affected by any personal displeasure caused by his behavior. Rather, the context of the case established the trial judge's comments simply addressed Grandy's behavior in court and attempted to clarify the motive for his somewhat unusual behavior throughout the proceedings. Under these circumstances, we conclude that the trial judge did not abuse her discretion by refusing to recuse herself from participation in Grandy's sentencing hearing or to declare a mistrial based on her alleged bias.

### III.  CONCLUSION

As the trial judge properly denied Grandy's motion requesting her recusal and the declaration of a mistrial, we affirm his convictions.

<u>Affirmed.</u>

---

[4] Grandy's sentencing guidelines recommended the imposition of a sentence consisting of a period of incarceration ranging between seven years and seven months and sixteen years and ten months. The midpoint of this sentence range recommended incarceration for a period of fourteen years and one month.