COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Fulton and Friedman
Argued at Norfolk, Virginia

JEROME HENRY MEEKINS

MEMORANDUM OPINION* BY
v.      Record No. 1149-21-1          JUDGE FRANK K. FRIEDMAN
OCTOBER 11, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

Samantha Offutt Thames, Senior Assistant Public Defender (Virginia
Indigent Defense Commission, on briefs), for appellant.

Jeff S. Howell, Jr., Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Jerome Henry Meekins appeals from an order revoking and resuspending his previously

suspended sentences of five years' incarceration. Meekins contends that the court abused its

discretion by 1) conditioning the suspension on drug testing and treatment when the underlying

convictions were not drug related and 2) imposing three years' good behavior. For the following

reasons, we affirm.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*,

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In

doing so, we discard any of appellant's conflicting evidence and regard as true all credible evidence

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In 2017, Meekins cashed two checks, each for $200, that he took from a local church. Following an investigation into the checks, Meekins pleaded guilty to three felonies—two counts of forgery and one count of uttering a forged document. The circuit court sentenced him to a total of five years' incarceration on all three charges, suspended on several conditions:

1) five years of good behavior;

2) an indefinite period of supervised probation;

3) submitting to random or regular urine screens as prescribed by his probation officer;

4) payment of court costs;

5) being barred from all Union Banks in Virginia for a period of five years; and

6) reporting to probation after the hearing.

Meekins was also ordered to pay $400 in restitution. The court ordered that his supervised probation last "not less than one year" and indicated Meekins was to be released in the "discretion of the probation officer upon successful completion of the terms of probation or until restitution is paid in full."

During his initial probationary period, Meekins tested positive for cocaine several times. He was unable to enter a rehab program due to drug use and later declined to enter the program. He subsequently was discharged from an intervention program following additional positive tests. Meekins then participated in substance abuse treatment in late 2020. He successfully completed the treatment in every way except for making the final payment for the program. In May 2021, he tested positive for cocaine again. In June 2021, appellant's probation officer filed a major violation report alleging that Meekins had tested positive for cocaine on five occasions.

In September 2022, Meekins pled guilty to violating the terms of his probation by using drugs. At the revocation hearing, Meekins did not contest that he had violated the conditions of his probation. The Commonwealth noted that the court was statutorily required to revoke and resuspend Meekins' sentence, but requested that the court make "substance abuse treatment and testing a special condition" of the resuspension to "facilitate" appellant receiving "substance abuse treatment." Meekins argued that such a condition was unnecessary because "it's already included in the statute that he is not to use illegal substances or to . . . unlawfully use, possess or distribute controlled substances or related paraphernalia" and posited that the court did not need to impose a condition that was "already in the statute."

The court revoked the previous suspension of five years, thereby imposing five years of incarceration. It then resuspended all five years on the following conditions:

1) three years of good behavior;

2) an indefinite period of supervised probation;

3) payment of costs; and

4) special conditions.

The special conditions included twelve months of face-to-face meetings with a probation officer and monthly urine screens, plus substance abuse counseling and/or testing as prescribed by the probation officer. Meekins asked the court to consider imposing only a two-year period of good behavior because he had "not reoffended" and his cocaine use harmed only himself. The court declined to modify the good behavior period because of the harm that appellant's drug use posed to the community.

This appeal followed. Meekins asserts two assignments of error:

1. The trial court erred by resuspending sentences contingent on one year of drug testing and treatment, and

2.  The trial court erred by resuspending sentences for a period of three years good behavior.

ANALYSIS

I.  <u>The Circuit Court Did Not Abuse its Discretion by Making Meekins' Drug Testing and Treatment a Condition of Meekins' Resuspended Sentence</u>

Appellant asserts that the court abused its discretion by conditioning the resuspension of his sentences on his compliance with drug testing and treatment. He argues that his underlying convictions were not drug offenses and thus the special conditions requiring drug testing and treatment were unreasonable.

Further, Meekins contends that the conditions were unnecessary because his probation officer may mandate drug testing and treatment without a direct order from the trial court. Meekins' argument focuses on the effect of having the court impose conditions rather than the probation officer; he asserts this "bypass[es] the statutory requirements." He relies on Code § 19.2-306.1, which limits the court's ability to impose active incarceration for a "technical violation" on probation. Technical violations may occur in several ways, but relevant to this opinion, they occur when the probationer fails to follow the instructions of his probation officer. Appellant asserts that by making the drug testing and treatment special conditions of probation—rather than simply allowing the probation officer to instruct Meekins to do these things—the court elevated any failure to comply with drug testing and treatment from a technical violation to a full-blown probation violation. Thus, Code § 19.2-306.1 would not limit the court's ability to impose a longer period of active incarceration for a violation.

- 4 -

A. Meekins' Arguments Relating to Code § 19.2-306.1 Are Not Preserved on Appeal

Meekins' arguments based on Code § 19.2-306.1 are barred by Rule 5A:18 because they were not preserved before the circuit court at the time of the ruling. Meekins argues that the following exchange contains an objection to the drug testing and treatment requirement:

> [Commonwealth]: I would ask that when you revoke and resuspend as you're statutorily required to do, that you make the substance abuse treatment and testing a special condition. It's not meant as a punishment, at least from the perspective of this Commonwealth's attorney. It's meant to help facilitate substance abuse treatment where someone might not be as willing to engage in it as they are under the penalty of possibly going back to jail or prison.
>
> The Court: [Defense Counsel?]
>
> [Defense Counsel]: Your Honor, it's already included in the statute that he is not to use illegal substances or to possess—I will not unlawfully use, possess or distribute controlled substances or related paraphernalia. You don't need to kill the lily, Judge. It's already in the statute.

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." "The purpose of this contemporaneous objection requirement is to allow the trial court a fair opportunity to resolve the issue at trial, thereby preventing unnecessary appeals and retrials." *Creamer v. Commonwealth*, 64 Va. App. 185, 195 (2015).

"Specificity and timeliness undergird the contemporaneous-objection rule [and] animate its highly practical purpose." *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019). "Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it." *Id.* (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)). Accordingly, "[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review." *Edwards v.*

- 5 -

*Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc) (citing *Clark v. Commonwealth*, 30 Va. App. 406, 411-12 (1999)). "[I]f a trial court is aware of a litigant's legal position and the litigant did not expressly waive such arguments, the arguments remain preserved for appeal." *Brown v. Commonwealth*, 279 Va. 210, 217 (2010).

On appeal, Meekins puts a different twist on the statements he made to the circuit court as to why he did not want the special conditions controlling his probation. *See Floyd v. Commonwealth*, 219 Va. 575, 584 (1978) (holding that appellate courts will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue). Appellant did not argue before the circuit court that the special conditions of probation had to be related to the underlying offense, as he does here. He also did not address, in any way, that the special conditions violated the intent of Code § 19.2-306.1. His argument before the circuit court was that the drug testing and treatment conditions were redundant, and this was not sufficient to make the circuit court aware of the arguments he now raises on appeal.[1]

### B. The Circuit Court's Conditions of Probation Were Reasonable and Within its Discretion

"We review conditions of probation imposed by a trial court as part of its sentencing determination for abuse of discretion." *Murry v. Commonwealth*, 288 Va. 117, 122 (2014) (citing *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)).

Meekins' arguments also fail on the merits. Circuit courts are granted broad discretion to determine the conditions of probation. *See* Code §§ 19.2-303, 19.2-306(C). Appellant relies on *Murry*, 288 Va. at 122, which stated that "probation conditions must be reasonable in light of the

---

[1] "Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice," where it has not been raised "we will not invoke them *sua sponte*." *Williams v. Commonwealth*, 57 Va. App. 341, 347 (2010).

nature of the offense, the [appellant's] background, and the surrounding circumstances." However, this case cannot be read to support Meekins' position that special conditions must be related to the underlying offense. In other words, drug testing conditions are not strictly limited to drug offenses. In *Murry*, the Supreme Court of Virginia found that the terms of the defendant's probation subjected him to warrantless, suspicionless searches that were not reasonable in light of his convictions, background, and surrounding circumstances. *Id.* at 120. *Murry* requires only that the terms of probation be reasonable in light of those factors. It does not mandate that terms of probation are unreasonable *per se* because they do not correlate directly to the convictions. To the contrary, *Murry* suggests that probation terms may be reasonable when considered in the context of "background" and "surrounding circumstances." In this case, Meekins had a background of drug use and a history of testing positive for illegal substances while on probation. It was not unreasonable for the court to impose the special conditions, and there was no abuse of discretion in the probation conditions imposed by the circuit court.

## II. The Circuit Court Did Not Err in Imposing a Three-Year Period of Good Behavior

Appellant next argues that the court abused its discretion by imposing three years of good behavior. He asserts that three years was unreasonably long because he had not reoffended or harmed anyone else, had remained in contact with his probation officer, and had complied with all the restrictions except for the use of drugs. Further, although he struggled with drug use, he fully complied with the drug treatment requirements given him by his probation officer. Finally, appellant emphasizes that his criminal history was insignificant other than the underlying convictions and maintains that the court abused its discretion by imposing "such a lengthy term of good behavior" when appellant "clearly does not pose a threat to others."

After suspending a sentence, a circuit court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). "The court may again suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced to be imprisoned . . . and may place the defendant upon terms and conditions or probation." *Id.*

Here, appellant did not contest that he had violated the terms and conditions of his probation at his revocation hearing.[2] Accordingly, after revoking and resuspending appellant's sentences, it was within the circuit court's discretion to place him "upon terms and conditions or probation," including a period of good behavior. *Id.*; *see Marshall v. Commonwealth*, 202 Va.

---

[2] At the hearing, Meekins did not allege he had paid restitution in full, nor did he argue that his probation ended upon payment of restitution. In oral argument before this Court, it was suggested that his probation terms called for probation to end once restitution was paid in full under the original sentencing order. The record does contain a subsequent dismissal order, with a different case number than the original sentencing order, dismissing the "matter" and noting restitution was paid in full. Meekins asks us to apply the ends of justice exception to the requirements of Rule 5A:18. This exception is narrow and to be used sparingly. *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc). It places the heavy burden of establishing a manifest injustice on appellant. *Id.* at 210. "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012). Here, the original sentencing order is not clear as to whether payment of restitution ended probation, and the only record of payment is contained in an order under a different case number than this case. The existing record does not illustrate that restitution in *this case* was fully paid. Meekins has not met his heavy burden, and we decline to apply the ends of justice exception to Rule 5A:18 here. Notably, a claim that an order is void *ab initio* can be brought, with proper proof, at any time by a party to the challenged order. *Bonanno v. Quinn*, 299 Va. 722, 736-38 (2021).

217, 220-21 (1960) (holding that a condition of "good behavior" accompanies the period of suspension as a matter of law, even if the circuit court fails to mention it is a condition).

Appellant argues that the length of the condition was unreasonable given the mitigating circumstances. Meekins, however, asked the circuit court to impose two years of good behavior. Thus, we infer that the third and final year of required good behavior is the only portion of the term Meekins considers unreasonable.

The record demonstrates that Meekins was making legitimate attempts to comply with the terms of his original probation—we recognize that he consistently reported to his probation officer and nearly completed a drug program. Balanced against those circumstances, however, was appellant's continued cocaine use as demonstrated by several positive tests.

In setting the length of the good behavior condition, it was "within the trial court's purview to weigh any mitigating factors" appellant presented, including appellant's compliance with the probation officer's drug treatment and other directions, the lack of new criminal convictions, and his criminal record. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "The exercise of judicial discretion 'implies conscientious judgment, not arbitrary action.'" *Rhodes v. Commonwealth*, 45 Va. App. 645, 650 (2005) (quoting *Slayton v. Commonwealth*, 185 Va. 357, 367 (1946)). After weighing all of the circumstances in this case, the circuit court conditioned the resuspension of appellant's sentences on three years of good behavior. That decision to impose a third year of good behavior was not arbitrary and reflects a proper exercise of discretion.

## CONCLUSION

The circuit court did not abuse its discretion by imposing special condition terms requiring drug testing and treatment. It did not abuse its discretion in requiring a third year of

good behavior.  Therefore, we affirm the circuit court's order revoking and resuspending Meekins' sentences.

*Affirmed.*