COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Friedman and Raphael
Argued at Lexington, Virginia

UNPUBLISHED

CELESTE MARIE SIZEMORE

v.       Record No. 0551-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE FRANK K. FRIEDMAN
MAY 30, 2023

FROM THE CIRCUIT COURT OF ALLEGHANY COUNTY
Edward K. Stein, Judge

Craig M. Leisure for appellant.

Stephen J. Sovinsky, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


In November 2021, Celeste Marie Sizemore was on supervised probation and was subject to

multiple suspended sentences when she pleaded guilty to credit card fraud in excess of one thousand

dollars. Sizemore appeals from the judgment of the trial court sentencing her to three active years

of incarceration, revoking her previously suspended sentences, and imposing an additional active

sentence of two years. Sizemore contends that the trial court abused its discretion in light of certain

mitigating circumstances. We affirm the trial court's judgment.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party at trial." *Gerald v. Commonwealth*,

295 Va. 469, 472 (2018) (quoting *Scott v. Commonwealth*, 292 Va. 380, 381 (2016)). In doing so,

we discard any of appellant's conflicting evidence and regard as true all credible evidence favorable

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Id.* at 473.

On May 2, 2012, under the terms of an agreed disposition, the trial court convicted Sizemore of robbery and malicious wounding (the "2012 convictions") and sentenced her to forty years' incarceration, with thirty-two years suspended. The trial court conditioned the suspended sentences on ten years of supervised probation for each conviction, which ran concurrently. On June 3, 2021, under the terms of another agreed disposition, the trial court convicted Sizemore of credit card fraud (the "2021 conviction") and sentenced her to five years' incarceration, with three years suspended.[1] The trial court conditioned this suspended sentence on four years of supervised probation. The trial court suspended the remaining two years of the sentence on Sizemore's completion of a twelve-month substance abuse program.[2]

The events leading to Sizemore's current appeal were as follows. On five separate occasions in May 2021, Sizemore used Clarence Twitty's ATM card without his consent. Sizemore obtained cash and services totaling $1,014.95. As provided in the plea agreement with the Commonwealth, Sizemore pleaded guilty to credit card fraud in excess of one thousand dollars, in violation of Code § 18.2-195(1)(a).[3] The trial court accepted Sizemore's guilty plea and convicted her of the charge.

At the sentencing hearing, Sizemore testified that she accepted responsibility for her conduct and had already paid Twitty approximately $600 in restitution. As a juvenile, Sizemore had a "clean record." Sizemore suffered significant abuse as a child and experienced health and substance

---

[1] Sizemore committed the credit card fraud in November 2020. Sizemore's plea hearing on the 2021 conviction took place on May 25, 2021.

[2] The trial court did not revoke the suspended sentences for the 2012 convictions, in accordance with the parties' agreement.

[3] Sizemore and the Commonwealth did not have an agreement on sentencing.

abuse issues for which she sought treatment. Sizemore attended a mental health and substance abuse program in Lynchburg and took mental health medication. Sizemore also attended a substance abuse program called Regenesis for approximately three months before she was arrested on the most recent credit card fraud charge. During that time, she abstained from drug use. She intended to return to the Regenesis program.

At the conclusion of the evidence, the Commonwealth requested that the trial court sentence Sizemore to ten years' incarceration on the new credit card fraud charge, with six years and eleven months suspended. The Commonwealth argued that the trial court should revoke five years of the suspended sentence for the 2021 conviction. Finally, the Commonwealth asked the trial court to revoke thirty-two years of the suspended sentences for the 2012 convictions and re-suspend thirty-one years.

After hearing all the evidence and argument, the trial court noted how quickly Sizemore committed credit card fraud after the 2021 conviction. Indeed, Sizemore committed the new fraud within the same week as her plea hearing on the 2021 conviction. The trial court further noted that the Commonwealth was lenient during the 2021 conviction by agreeing not to revoke the suspended sentences for the 2012 convictions. The trial court sentenced Sizemore to five years' incarceration on the instant credit card fraud charge, with two years suspended. The trial court revoked the suspended sentence on the 2021 conviction and imposed an active term of two years. Finally, the trial court revoked the entirety of the suspended sentences for the 2012 convictions and re-suspended them in their entirety.[4] Sizemore appeals.

---

[4] The trial court also convicted Sizemore of failure to appear and sentenced her to ten days' incarceration, all suspended. Sizemore incorrectly contends that her total active sentence is five years and ten days. The sentencing order confirms that the total active sentence is five years.

ANALYSIS

Sizemore argues that the trial court abused its discretion in sentencing her to three active years of incarceration for the new charge and by revoking her suspended sentences and imposing an active incarceration term of five years. Sizemore raises mitigating circumstances, consisting of her decision to plead guilty and accept responsibility for her actions and participate in the Regenesis substance abuse treatment program. Additionally, Sizemore cites her clean criminal record as a juvenile, her childhood abuse, ongoing mental health issues, and ongoing substance abuse issues. Sizemore also discusses her participation in mental health treatment and her desire to continue her mental health treatment and substance abuse treatment. Sizemore acknowledges that she did not preserve her argument for appeal but asks that we address it under the ends of justice exception to Rule 5A:18.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "Specificity and timeliness undergird the contemporaneous-objection rule . . . [']so that the trial judge . . . know[s] the particular point being made in time to do something about it.'" *Bethea v. Commonwealth*, 297 Va. 730, 743 (2019) (quoting *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011)).

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." *Holt v. Commonwealth*, 66 Va. App. 199, 209 (2016) (en banc) (quoting *Redman v. Commonwealth*, 25 Va. App. 215, 220-21 (1997)). "The burden of establishing a manifest injustice is a heavy one, and it rests with the appellant." *Id.* at 210 (quoting *Brittle v. Commonwealth*, 54 Va. App. 505, 514 (2009)). The "exception requires proof of an error that was 'clear, substantial and material.'" *West v. Commonwealth*, 43 Va. App. 327, 338 (2004) (quoting *Brown v. Commonwealth*, 8 Va. App. 126,

132 (1989)). "Virginia courts applying the ends-of-justice exception require a defendant to present not only a winning argument on appeal but also one demonstrating that the trial court's error results in a 'grave injustice' or a wholly inexcusable 'denial of essential rights.'" *Winslow v. Commonwealth*, 62 Va. App. 539, 546-47 (2013) (quoting *Brittle*, 54 Va. App. at 513). "Where the record does not affirmatively establish error, we cannot invoke the ends of justice exception to Rule 5A:18." *Smith v. Commonwealth*, 59 Va. App. 710, 724 (2012).

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." *Garibaldi v. Commonwealth*, 71 Va. App. 64, 67 (2019) (quoting *Martin v. Commonwealth*, 274 Va. 733, 735 (2007)). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Alston v. Commonwealth*, 274 Va. 759, 771-72 (2007)).

It was within the trial court's purview to weigh the mitigating evidence Sizemore presented. *Keselica v. Commonwealth*, 34 Va. App. 31, 36 (2000). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face." *Minh Duy Du*, 292 Va. at 563. "Because this task is so difficult, it must rest heavily on judges closest to the facts of the case—those hearing and seeing the witnesses, taking into account their verbal and nonverbal communication, and placing all of it in the context of the entire case." *Id.*

Here, the record demonstrates that the trial court considered the mitigating evidence Sizemore cites on appeal. Balanced against that, however, was how quickly Sizemore committed the new credit card fraud and the fact that she did so within the same week as her plea hearing on the 2021 conviction. Additionally, the trial court noted that Sizemore did not take advantage of the leniency the Commonwealth and the trial court offered with respect to the 2021 conviction, serving

no active time on that charge. After considering all the circumstances, the trial court imposed the sentence that it deemed appropriate. Furthermore, Sizemore's sentence was within the statutory range set by the legislature for a conviction for credit card fraud. *See* Code §§ 18.2-10 and 18.2-195(1)(a). "[O]nce it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end." *Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018) (quoting *Minh Duy Du*, 292 Va. at 565). Therefore, we do not disturb the trial court's sentencing decision.

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Sizemore had violated the terms of the suspension, it was obligated to revoke the suspended sentences and they were in "full force and effect." Code § 19.2-306(C)(ii) (Repl. Vol. 2008).[5] The trial court was permitted— but not required—to re-suspend all or part of the sentence. *Id.*; *see also Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

The record establishes that Sizemore violated the conditions of her suspended sentence for her most recent conviction for credit card fraud. Therefore, the trial court had sufficient cause to revoke her suspended sentences. The only contested issue before the trial court was the appropriate sentence to impose considering the violation. In making that determination, it was within the trial

---

[5] Although Code § 19.2-306(C) was amended effective July 1, 2021, Sizemore does not argue that the statutory amendment applied in her case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84-85 & n.4 (2022). Moreover, the record establishes that Sizemore received a new felony conviction. The new statutory framework, like the old, grants the trial court discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I ch. 538; Code § 19.2-306.1(B).

court's purview to weigh the mitigating evidence Sizemore presented. *Keselica*, 34 Va. App. at 36. As before, the trial court balanced Sizemore's mitigating circumstances and imposed sentences it deemed appropriate. Having reviewed the record, we hold that the sentences the trial court imposed represent a proper exercise of discretion. *See Alsberry*, 39 Va. App. at 321-22 (holding the court did not abuse its discretion by imposing the defendant's previously suspended sentence in its entirety).

## CONCLUSION

Accordingly, we conclude that Sizemore's argument is insufficient to invoke the ends of justice exception because it does not suggest that a miscarriage of justice occurred. The record demonstrates that the trial court considered the evidence and arguments of the parties, revoked Sizemore's suspended sentences, and imposed sentences it deemed appropriate.

*Affirmed.*